## PENNYWIT v. EATON.

### [ON MOTION.]

The court refused to dismiss, for want of jurisdiction, a case brought here as within the 25th section of the Judiciary Act, when they could see a Federal question raised under it, though raised somewhat obscurely; and though they had "a very clear conviction" that the decision of the State court was correct, so clear indeed that as it finally turned out (see *infra*, next case) they affirmed it with 10 per cent. damages, because any writ of error could have been prosecuted only for delay.

ON motion to dismiss, for want of jurisdiction, a writ of error to the Supreme Court of Arkansas.

Eaton sued Pennywit in the Pulaski County Court of Arkansas upon the record of a judgment rendered by the Fourth District Court of New Orleans, that court, when the judgment was rendered, *having been held by a judge appointed by a military governor of Louisiana.* On the trial in the Pulaski County Court, the court was requested by the defendant to hold, that if it appeared from the evidence that the judge who presided in the court at New Orleans and rendered the judgment, held his office by appointment of a military governor of the State of Louisiana, and under no other authority, the judgment was void. But the Pulaski County Court did not so hold, but held to the contrary; and the Supreme Court of Arkansas affirmed its judgment. The case was now brought here under an assumption that it came within the third clause of the 25th section of the Judiciary Act (quoted *supra*, p. 3), which gives a right to bring here for review any suit "where is drawn in question the validity of any clause of the Constitution . . . or commission held under the United States, and the decision is against the title, right, privilege, or exemption specially set up or claimed *by either party* under such clause." The title, right, privilege, or exemption here meant to be set up was one by

the defendant, and was supposed to arise under two clauses*
of the Constitution, which ordain as follows:

"The judicial power of the United States shall be vested in
one Supreme Court, and in such inferior courts as the *Congress*
shall from time to time ordain.

"The *President of the United States* . . . shall nominate, and by
and with the advice and consent of the Senate shall appoint
judges of the Supreme Court, and *all other officers of the United
States*, whose appointments are not herein otherwise provided
for, which shall be established by law."

*Mr. W. M. Rose, in support of the motion; Mr. A. H. Gar-
land, contra.*

The CHIEF JUSTICE:

The Pulaski County Court was requested to hold, that if
it appeared from the evidence that the judge who presided
in the court at New Orleans and rendered the judgment
there, held his office by appointment from a military gov-
ernor of the State of Louisiana, and under no other au-
thority, the judgment was void. This raised, though some-
what obscurely, the question whether the court so held had
any jurisdiction under the Constitution of the United States,
and the question was decided against the privilege claimed
under the Constitution by the defendants.

We cannot, therefore, dismiss the case for want of juris-
diction, although we may have a very clear conviction that
the decision of the State court was correct.

MOTION DENIED.

[See the next case.]

---

* Article 3, § 1, and Article 2, § 2.