SIMMONS v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, N. D. Georgia. March 4, 1902.)

No. 1,649.

1. REMOVAL OF CAUSES—JURISDICTIONAL AMOUNT—CONSTRUCTION OF PLEADINGS.

Where, in an action against a life insurance company to recover the present value of a policy, such value is alleged in the declaration, the amount recoverable under such declaration, unless it should be amended, is limited to the value so stated; and where that is less than $2.000 the cause is not removable into a federal court, even though the present value of the policy, if correctly computed, would be greater than that sum.

2. SAME.

In a suit to recover excessive premiums alleged to have been exacted by, and paid to, a life insurance company, interest on the several amounts sued for, from the dates of their payment to the date of the suit, cannot be added, and treated as principal, to determine the amount in controversy for the purposes of federal jurisdiction.

On Motion to Remand to State Court.

Hoke Smith and H. C. Peeples, for plaintiff.

Anderson, Anderson & Thomas, for defendant.

NEWMAN, District Judge. This is a motion to remand a case removed from the state court. The ground of the motion is that the necessary jurisdictional amount is not involved. The plaintiff's declaration, as it appears in the record brought from the state court, is as follows:

"The petition of Thomas J. Simmons respectfully shows: (1) The Mutual Reserve Fund Life Association, hereinafter styled the 'defendant,' is a corporation of the state of New York, now and at the times hereinafter mentioned engaged in the business of life insurance; and it had at the time it contracted with petitioner, as hereinafter stated, and has now, an agency, place of doing business, and an agent in said county of Fulton. (2) Said defendant is indebted to your petitioner in the sum of two thousand ($2,000) dollars, with interest upon the sums and from the dates as shown by the following: (3) On May 13, 1890, defendant issued to your petitioner a policy of life insurance, in the sum of $5,000, upon the terms and conditions shown by a copy thereof, hereto attached as an exhibit, and made a part hereof, to which leave of reference is prayed as often as may be necessary. Your petitioner's wife is named in said policy as beneficiary thereof. (4) By said policy, defendant promised that upon payment by petitioner of certain dues and mortuary calls mentioned therein, and for so long as such payments should be made by him, said contract should be and continue of force. (5) Petitioner charges that, under said contract, defendant was and is only entitled to charge him for mortuary calls at the bimonthly rate of $20.80, which was and is its rate of bimonthly mortuary calls at the age of fifty-three (53) years,—the age of your petitioner at the time said contract was made. (6) Defendant did charge him $20.80 for bimonthly mortuary calls from the time of issuing said policy until its call No. 96, of February, 1898. (7) Commencing with said call No. 96, and continuing to and including its call No. 104 (that is to say, for nine mortuary calls), defendant called upon petitioner, as a basis of keeping said contract of force, for the sum, bimonthly, of $33.90. (8) Thereafter defendant again increased its rate of mortuary call of and upon your petitioner, and, continuing to and including mortuary call No. 110 (that is to say, for six mortuary calls), called upon your petitioner, as a basis of keeping said contract of force, for the sum, bi-

114 F.—50

monthly, of $41.40. (9) Thereafter again defendant increased its rate of mortuary call of and upon your petitioner, and, continuing to and including mortuary call No. 116 (that is to say, for six mortuary calls), called upon your petitioner, as a basis of keeping said contract of force, for the sum, bimonthly, of $45.15. Call No. 116 was made June 1, 1901. (10) Each and all of said increased calls was and is in violation of said contract, and without authority of law. (11) Petitioner has paid all entrance fees, medical examination fees, and dues required of him under said contract. (12) He has paid up all the mortuary calls made upon him by defendant up to, but not including, said call No. 116. (13) Petitioner paid said increased calls under protest, desiring to maintain the policy, if possible, without dispute or disagreement with defendant. (14) Tiring of the repeated demands made upon him in violation of his contract for such increased sums, petitioner refused to pay said call No. 116, and thereupon defendant has notified him that said policy of insurance is forfeited, null, and void. (15) Defendant has further broken and violated said contract, in that, contrary to the terms thereof, and without authority of law, it has on June 15, 1901, notified him that it called upon him for $1,365.25, payable within thirty days from said date, for the alleged purpose of providing a reserve. It has also in said notice stated that it would lend him said sum, as a lien against his insurance, and bearing interest. Copy of said notice is hereto attached as Exhibit B, made part hereof, and leave of reference thereto as often as may be necessary is prayed. (16) Petitioner has refused to pay said call, has so notified defendant, and has also notified it that he would not accept such loan, or consent to any such lien upon the policy. (17) Defendant claims the right to make such call, and, if the same be not paid, to charge the amount thereof, with interest, as a lien upon the policy, under an alleged amendment of its constitution or by-laws made at the annual meeting of its members in January, 1901. (18) Petitioner was not present or represented at said meeting. He has never consented to such amendment. He charges that the same is directly violative of his said contract with defendant, and impairs his vested rights thereunder. (19) He charges that said amendment is unreasonable, retroactive, and otherwise illegal. (20) Now, so it is, defendant has exacted from him unlawfully said increased calls, has unlawfully made upon him said call of June 15, 1901, and in each and both has violated and broken said contract. (21) Petitioner thereupon elects, as is his right, to sue now for the damages sustained by reason of said breach, and shows: (22) He has now grown older, and is unable, because of his physical condition, to procure new insurance in lieu of said policy, though he has tried repeatedly to do so. (23) He is entitled to recover from defendant the present value of $5,000, estimated upon the basis of his expectancy of life, which is 12.30 years, diminished by the present value of the insurance defendant would have the right to charge him under said policy, to wit, $20.80 bimonthly mortuary calls, and $15 annual dues, estimated upon the basis of said expectancy. (24) He charges that the present value of $5,000, so estimated, is at least $2,500, and that the present value of $20.80 bimonthly mortuary calls and $15 annual dues, so estimated, is $950, and prays judgment for the excess. (25) Petitioner is entitled to further recover the amounts on the payments made by him, as above stated, in excess of $20.80 bimonthly mortuary calls which defendant had the right to make, with interest on each of said amounts from the time of each, and of said payments. Said excessive payments amount to the principal sum of $363.25, and he prays judgment therefor. (26) He prays judgment against defendant in the sum hereinabove first stated, and that process may issue requiring the defendant to be and appear at the next term of said court to answer your petitioner's complaint."

It will be seen that this suit is for $2,000 and interest. This, of course, would be insufficient to give the court jurisdiction, but the claim for the defendant is that, under the further allegations as to the damages sustained by reason of the breach of the contract set up by the plaintiff, there could be a recovery of more than $2,000. The

argument for the defendant is that, conceding plaintiff's right to recover at all, the present value of his policy would be considerably more than is set out in the declaration, namely, $1,550, and that, notwithstanding this statement of an amount, if the present value should be more, he could recover it, because of his general allegations of his right to recover the present value of the policy. Whatever such present value may be, it is urged, the plaintiff could recover, even if its value was in excess of the amount stated. It is also claimed that, to the amount of excess premiums claimed to have been paid before the alleged breach of the contract, the interest should be added, and become a part of the principal at the date of the suit, for the purpose of determining jurisdiction. I am unable to agree with either contention. Under this declaration, without amending it, the plaintiff could not recover exceeding $1,550 for the present value of the policy. It may be true that his allegations as to his right to recover the present value of the policy would justify an amendment changing and enlarging the amount claimed, but what might be claimed by amendment can be no test of jurisdiction as to the amount involved. Neither do I think that the interest claimed on excess of premiums paid is that character of interest which becomes principal, and which may be so treated for the purpose of determining the jurisdictional amount. Even if interest be added to the amounts of excess of premiums claimed to have been paid, it would not, with the $1,550, make the jurisdictional amount. It is claimed for the defendant that, by a calculation made in the manner provided in the Code of Georgia (section 2049), it would make the present value of this policy more than is claimed by the plaintiff. The section of the Code referred to is a part of the act of the legislature of Georgia of 1887 for "regulating the business of insurance in this state," and this particular section states the manner in which the insurance commissioner of the state shall arrive at the value of life insurance policies for the purpose of determining the condition of the companies doing business in Georgia. It is not at all clear that this law is applicable to the question involved here, but, even if it is, the jurisdictional test as to the amount involved is the plaintiff's claim; and that, as has been stated, is less than $2,000.

I am clear, therefore, that there could not be a recovery, under this declaration for $2,000, exclusive of interest and costs; and for that reason the case will be remanded to the city court of Atlanta, from which it was removed. An order may be taken accordingly.