## COLLINS v. TWIN FALLS NORTH SIDE LAND & WATER CO.

(District Court, D. Idaho, S. D. April 1, 1913.)

No. 426.

1. REMOVAL OF CAUSES (§ 75*)—AMOUNT IN CONTROVERSY—PART OF RECOVERY —WAIVER.

In general, plaintiff in his prayer may waive a part of the recovery to which according to the averments of the complaint he is entitled, and thus avoid a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 132; Dec. Dig. § 75.*]

2. REMOVAL OF CAUSES (§ 75*)—AMOUNT IN CONTROVERSY—PART OF RECOVERY—WAIVER.

Plaintiff filed a complaint, containing two causes of action for breach of contract by which defendant agreed to furnish plaintiff water for irrigation; the first concluding with an allegation that there was due to plaintiff from defendant on account thereof $4,234.50. The second count alleged that plaintiff suffered damages to the amount of $1,425, and without more prayed judgment for $2,999, without any allegation as to the cause of action on which he desired to credit the difference. *Held*, that since plaintiff did not waive any specific portion of either cause of action, but required defendant to contest the whole, the prayer for judgment was insufficient to prevent a removal of the cause on the ground that the controversy did not involve a dispute in excess of $3,000 in value.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 132; Dec. Dig. § 75.*]

At Law. Action by Dolin Collins against the Twin Falls North Side Land & Water Company. On motion to remand. Denied.

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Johnson & Haddock, of Shoshone, Idaho, for plaintiff.
S. H. Hays and P. B. Carter, both of Boise, Idaho, for defendant.

DIETRICH, District Judge. This cause was commenced in the state district court, and it having been removed here, the plaintiff now moves that it be remanded, upon the ground that the matter in dispute is not of a value in excess of $3,000. Two causes of action are set forth in the complaint, in each of which damages are claimed for the violation of a contract by which the defendant agreed to furnish water to the plaintiff for irrigation purposes. The first cause concludes with this averment:

"That no part of said damages have ever been paid, and there is due to the plaintiff from the defendant on account thereof the sum of $4,234.50."

Under the second count it is alleged that the plaintiff suffered damages to the amount of $1,425. The prayer is for a judgment for $2,999, together with interest and costs.

[1, 2] It may be conceded to be a general rule that plaintiff may in his prayer waive a part of the recovery to which, according to the averments of the complaint, he is entitled, and thus avoid removal. Swann v. Mutual Reserve F. L. Ass'n (C. C.) 116 Fed. 232; Simmons v. Mutual Reserve F. L. Ass'n (C. C.) 114 Fed. 785; Barber v. Boston & Maine R. Co. (C. C.) 145 Fed. 52. It is, however, thought that the case here made is an exception to this general rule. Each cause of action presents a distinct issue, and the judgment, when entered, will conclude the rights of the parties touching both claims. At the trial it will be necessary for the court to instruct the jury that, even though they find in favor of the defendant upon the second cause of action, they may still find the total amount prayed for upon the first. Defendant's jeopardy is upon both claims, the aggregate of which is not $2,999, but $5,659.50, and it must be prepared to meet two different sets of facts, and try out two separate controversies, one of which alone upon its face involves more than the jurisdictional amount.

The theory upon which the rule is based is that the plaintiff may credit his claim with the amount waived, and sue only for the balance. If the plaintiff here were required to give the necessary credit, would he be willing to do it; and, if so, which claim would he diminish, or to what precise amount would he reduce each claim? If he had given specific credit, or made a specific waiver in his complaint, the case would have presented an entirely different aspect; but that he is apparently unwilling to do. He wants the benefit of the whole of both claims as the basis of a judgment for $3,000; he is unwilling to take the chance of applying the credit upon one or the other, or, in stated portions, upon both. In case of suit upon a single promissory note, the amount of which is over $3,000, if the plaintiff waives the excess, he in effect makes a specific credit upon the note. So, in case of a claim for a single item of damages in a personal injury suit, the waiver is specific. But here the plaintiff waives no specific portion of either cause of action, but requires the defendant to contest the whole thereof.

For these reasons, the motion will be denied.