## UNDERWOOD et al. v. DISMUKES.

(District Court, D. Rhode Island. July 2, 1920.)

No. 116.

Removal of causes ⊛═21—Suit to restrain interference with rights in land purchased by navy cannot be removed; "revenue law."

Judicial Code, § 33 (Comp. St. § 1015), providing for the removal of suits against officers appointed under or acting by authority of any "revenue law" of the United States, does not extend to naval appropriation laws. Consequently a suit against a naval officer to restrain him from interfering with plaintiff's rights to remove sand from land purchased by the United States pursuant to a naval appropriation act cannot be removed; "revenue laws" not including all laws appropriating money for the expenditure of the revenue of the United States, and the question of proprietary rights in lands purchased by the United States through an appropriation of moneys of the United States not involving a question of revenue law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Revenue Law.]

In Equity. Bill by Joseph M. Underwood and others against Douglas E. Dismukes. The suit, which was begun in the state court, was removed by defendant to the federal court on writ of certiorari. On motion to quash writ and to remand. Motion granted.

John A. Murphy, Jr., of Newport, R. I., for plaintiffs.
Harvey A. Baker, U. S. Atty., of Providence, R. I., for defendant.

BROWN, District Judge. This bill in equity, for an injunction to restrain the defendant from interfering with plaintiffs' alleged rights to enter upon lands situated in part in the city of Newport, and in part in the town of Middletown, in the state of Rhode Island, and to take away sand, gravel, and seaweed from the shores of Coddington Cove and Coddington Point, was removed from the state court upon writ of certiorari, upon petition of the defendant under section 33 of the Judicial Code, as amended by Act of August 23, 1916, c. 399, (Comp. Stats. § 1015), alleging that he is an officer of the United States navy, having the rank of captain, and now detailed by the Secretary of the Navy as commandant of the naval training station at Newport, R. I., and that by virtue of his office he is acting under and by virtue of chapter 114 of the Public Laws of the United States, 65th Congress, 2d Session, to wit, the act approved by the President July 1, 1918, known as the Naval Appropriation Act (40 Stat. 704).

The petition further alleges that said act is a—

"revenue law of the United States, and that by virtue of said law he is in possession and charge of that certain land at Newport, Rhode Island, known as Coddington Point Extension, which said land was purchased under and by virtue of the authority contained in said act of Congress," etc.

It is the contention of the United States that section 33 of the Judicial Code should be construed to include all laws appropriating money for the expenditure of the revenue of the United States. Ward v.

Congress Construction Co., 99 Fed. 598, 39 C. C. A. 669, is relied upon. The opinion in that case cites U. S. v. Bromley, 12 How. 88, 97, 13 L. Ed. 905, which held that the revenue of the Post Office Department is as much a part of the income of the government as moneys collected for duties and imposts.

While it may be possible to say that the work of erecting a post office has relation to the revenue of the government, and that the Secretary of the Treasury, by whom the work was ordered, was an officer administering the revenue laws and acting under color of his office, (Ward v. Construction Co., 99 Fed. 605, 606, 39 C. C. A. 669), it does not seem to follow that an appropriation act for the purchase of lands for military purposes can be deemed to be a "revenue law," in the sense in which that term is used in section 33 of the Judicial Code.

In support of the motion to quash the writ of certiorari, and to remand, the plaintiffs rely upon Twin Falls Canal Co. v. Foote (C. C.) 192 Fed. 583. This case contains a full and able discussion of the authorities, and, in my opinion, supports the plaintiffs' contention that the present case does not fall within the provisions of section 33 of the Judicial Code. See, also, City of Stanfield v. Umatilla River Water Users' Ass'n (C. C.) 192 Fed. 596.

To accept the contention of the United States that the term "revenue laws" includes all laws appropriating money for the expenditure of the revenue of the United States, and that the question of proprietary rights in lands purchased by the United States through an appropriation of moneys of the United States involves a question of revenue law, would result in a great expansion of the scope of section 33, and a great enlargement of the jurisdiction of the federal courts.

As the right to a removal of this case is based solely upon section 33, and as the present case, in my opinion, is not within the terms or the intent of that section,

The plaintiffs' motion to quash the writ of certiorari, and to remand, is granted.