## In re MENDENHALL.

District Court, D. Montana.
March 8, 1935.

Roy F. Allan, Asst. U. S. Atty., of Butte, Mont., and Charles S. Brothers, Asst. to Sol. U. S. Department of Agriculture, of Missoula, Mont., for petitioner.

BOURQUIN, District Judge.

By the petition to the court presented, it appears petitioner, a federal forest ranger, assisted a state game warden to execute a warrant to search all buildings on described land occupied by one Warnick, in the course of which they broke and entered one of said buildings, Warnick absent; that thereafter in a local court, one Knox instituted criminal proceedings against petitioner, upon a charge of willful and malicious breaking and entering said building by Knox alleged to have been by him occupied and possessed; and that petitioner was arrested upon warrant therein, and the cause is set for trial. The prayer is for certiorari to remove the cause hither, and orally habeas corpus cum causa likewise.

Petitioner contends that his action aforesaid was required by the federal forestry statutes and regulations; and that they are so far revenue laws, he is entitled to the removal in such cases provided by section 76, title 28, USCA. Said section, amongst other things, provides that when any suit or criminal prosecution is commenced in a state court against (1) any officer appointed under or acting by authority of any revenue law of the United States, on account of any act done under color of his office or of any such law, or against (2) any officer of the federal courts on like account, or against (3) any officer of Congress on like account, the proceeding upon defendant's petition may be removed into the federal court.

Although it is highly necessary to the federal government that its officers on account of official action be not prosecuted in state courts, nevertheless they can have no relief in the lower federal courts save to the extent by Congress authorized; for the courts last aforesaid have no authority or jurisdiction save that by Congress conferred upon them. Nevertheless, Congress, from motives it at least deems wise, has afforded this particular relief to but three varieties of numerous classes of federal officers, viz., to those of revenue, of courts, and of Congress. All others are left to the hazard of state court proceedings, at least until after judgment or during imprisonment. No doubt Congress deemed, and rightly, these three varieties of officers so essential to the functioning of federal government, and more so than any other federal officers, that immunity to trial in state courts was made available to them. If imprisoned, section 453, title 28, USCA, may afford some remedy. See Hunter v. Wood, 209 U. S. 205, 210, 28 S. Ct. 472, 52 L. Ed. 747; Cunningham v. Neagle (In re Neagle), 135 U. S. 1, 10 S. Ct. 658, 34 L. Ed. 55.

It is history that the original enactment of section 76 was to defeat South Carolina's threat to nullify federal customs laws within her boundaries, and that by prosecution in state courts of federal customs officers for violation of state statutes in contravention of said customs laws. Then and always the nature of a revenue law was and is well defined as a law for the direct object of imposing and collecting taxes, dues, imposts, excises, for government and its purposes. The mere fact that in administration of a law some incidental pecuniary benefit may or does accrue to government, as is the case in respect to the forestry laws, does not constitute it a revenue law within said section or common construction. If it did, there is hardly any federal officer but would come within the provisions of said section, its limitations would be annulled, its inclusion of court if not of congressional officers would be superfluous, and the intent of the statute defeated. Expressio unius, etc. In so far as liberal construction is required, as always it is extended only to those within the classes to which the statute grants a privilege.

It may be that petitioner at the material time was performing his official duty (section 553, 16 USCA), and therein has a valid defense. But his action was not "by authority of any revenue law of the United States."

Accordingly the petition is denied.