25652. UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* HAMILTON.

DECIDED OCTOBER 30, 1936. REHEARING DENIED DECEMBER 2, 1936.

*J. A. McFarland, Barry Wright,* for plaintiff in error.
*R. Carter Pittman,* contra.

BROYLES, C. J. The judge denied the defendant's motion to remove this case to the Federal court; and the only question in-

volved is, did the matter in controversy between the parties, exclusive of interest and costs, exceed the amount of $3000? In an amendment to his petition the plaintiff in each of eight paragraphs set out various amounts of items sued for, said amounts being added up in each paragraph. Paragraph 7 is as follows: "In the year 1919 petitioner's mother, as guardian, received the sum of $300 for land rental, and expended $31.60 for taxes on petitioner's farm, and $20 as bond premium to the defendant company, leaving a net balance of $298.40 principal. Petitioner is entitled to recover said principal, together with interest at the rate of 7 per cent. for six years from January, 1920, in the amount of $125.32, together with interest thereafter until January, 1936, at the rate of 6 per cent., compounded annually, in the amount of $338.97." It is obvious that the plaintiff made an arithmetical error in this paragraph, and that the net balance of the principal sought to be recovered therein is $248.40, instead of $298.40. When this error is corrected, the total of the amounts set forth in the amended petition as principal does not exceed $3000; and in paragraph 11 of the amendment to the petition the plaintiff prays for judgment against the defendant "in the sum of $2827.70 principal, $6215.40, interest up to January, 1936, together with interest thereafter at the rate of 6 per cent. compounded annually." However, it is contended on behalf of the plaintiff in error that since the defendant in error is seeking to recover compound interest on the principal, as authorized by the Code, § 108-415, the simple interest at 7 per cent. for the first six years should be added to the principal, and that amount forms "a new principal upon which to calculate and charge interest at the rate of six per cent. per annum, annually compounded," as said in *Tippin* v. *Perry,* 122 *Ga.* 120 (50 S. E. 35); and that in the instant case, when the "new principal" is added to the original principal, the amount in controversy, exclusive of interest and costs, is in excess of $3000. But the decision in the *Tippin* case, is not binding authority in the instant case for the proposition that interest, when compounded, loses its identity as interest and becomes a new principal. As is well said in the brief of counsel for the defendant in error, the *Tippin* decision "does not so hold. Mr. Justice Fish does use language which, when taken out of its context, is subject to misconstruction, but the position of the court is made plain upon con-

sideration of the entire opinion. In discussing the effect of the section of the Code above quoted, the court said: 'The purpose of the act, as shown by its title, . . was to fix a uniform rule for the computation of interest against trustees, administrators, etc., from which rule they could be relieved by annually returning the interest actually made and accounting for the balance of the fund in their hands. Under this rule, compound interest was charged as a penalty for not making the annual returns prescribed by the statute; and unless the interest computed for the first six years is added to the principal, and the sum of the principal and interest taken as a new principal, upon which the compound interest is calculated, charging the compound interest will not amount to a penalty for at least six years after the compound interest period begins. . . We think that the statute, following the old practice as to periods of rest, intended that there should be a rest at the expiration of six years from the beginning of the computation of interest, when the principal and accrued interest should be added together and a new principal formed upon which to begin to calculate the compound interest.'

"It is clear that the reference to 'a new principal' has to do with the method of computing interest rather than to a loss of the inherent character of interest when compounded. When the court referred to 'the old practice as to periods of rest,' it referred to a method of computation, which is well described in 33 Corpus Juris, 179, as follows: 'By the first method periodical rests are made and at each rest the principal and the accrued interest thereon are combined into a new principal which bears interest until the next rest and so on; this method results in giving interest not only upon the principal and upon the interest on the principal, but also in giving interest upon the interest on the interest and so on ad infinitum until payment, and this is what is meant by compound interest when the term is used in its strict sense.' A particular method of computation does not cause interest to lose its identity. It remains interest, but, for convenience of computation, courts and mathematicians may regard it as principal when compounding it. If the General Assembly had intended that guardians and other trustees should be penalized with a *growing principal* instead of a *compound interest,* it might easily have used language to express that intention, without denominating the accruing sum as 'inter-

est.' Principal is like a tree that annually brings forth fruit in the form of interest. If the fruit is not gathered annually, it falls to the ground from which it grew, germinates, springs forth, and itself yields more fruit at the harvest season. In turn its fruit falls to the ground and brings forth other fruit, and so on ad infinitum. But the younger trees do not become a part of the mother tree, but retain their own individuality and yield harvest from their own roots." Moreover, in the *Tippin* case, supra, no question as to the removal of a cause to the Federal court was involved, and its ruling will not be extended to apply to the facts of this case.

"As a general rule, in determining the sum or value prescribed by the statutes authorizing the removal of causes from a court of a State to a Federal court, interest accrued on the demand, and which is collectible only as an incident of the principal, is to be excluded from the estimate or computation." 54 C. J. 226, § 32. In Gilson *v.* Mutual Reserve Fund Life Association, 129 Fed. 1003 (decided in 1904, when the jurisdictional amount for the removal of a cause to the Federal court was any sum in excess of $2000, exclusive of interest and costs), the headnote is as follows: "Where plaintiff sued defendant insurance company to recover dues and assessments amounting to $1527.25, together with interest, in all amounting to $2346.50, and prayed judgment against defendant 'for the sum of $2346.50, being the amount of dues and assessments paid to date, with interest,' to September 1, 1900, and for interest on the same from that date, and for costs, the fact that *the interest was added to the principal did not change it to principal,* so as to justify a removal of the cause to the Federal courts on the ground that the parties were citizens of different States, *and that the amount involved exceeded $2000, exclusive of interest and costs."* (Italics ours.) And in the opinion in that case the court said: "It is insisted by the defendant's counsel that while the amount of dues and assessments paid was only $1527.25, and therefore did not exceed $2000, yet that the prayer of the petition and the claim made by the plaintiff have converted the interest up to September 1, 1903, into principal; and he likens it to a case where there had been a judgment for the amount of principal and interest, such latter case, where suit was brought on the judgment, having been held to be removable if the amount of the judgment

was more than $2000. While, if there had been a judgment, the interest would be merged therein so as thereafter to make the whole debt principal, yet the court is clearly of opinion in the case now before it that the interest has not, by the mere frame of the plaintiff's petition, been transmuted into principal. The utmost that can be said of the petition is that it seeks to recover *compound interest,* but, in the opinion of the court, *it is nevertheless interest, and nothing more, within the meaning of the judiciary act,* and consequently it does not appear that the amount claimed in the petition of the plaintiff, exclusive of interest, and costs, exceeds the sum of $2000. Indeed, all except the dues and premiums is expressly claimed as interest, and expressly shown to be interest, and nothing else." (Italics ours.) See also, to the same effect, Simmons *v.* Mutual etc. Association, 114 Fed. 785 (2); Greene County *v.* Kortrecht, 81 Fed. 241. The court did not err in declining to remove the cause to the Federal court.

*Judgment affirmed. MacIntyre and Guerry JJ., concur.*