## BAKER v. CALHOUN et al.

### No. 237.

District Court, W. D. Kentucky, Paducah Division.

Sept. 29, 1944.

Eli H. Brown, U. S. Dist. Atty., of Louisville, Ky., and David C. Walls, Asst. U. S. Atty., of Hardinsburg, Ky., for petitioner.

C. C. Molloy, of Kuttawa, Ky., for defendants.

MILLER, District Judge.

On March 25, 1944, Robert Calhoun filed an action in the Lyon Quarterly Court of Kentucky against Gerald F. Baker in which he alleged that he was the owner and entitled to the possession of five hogs of the value of $80, that Baker had possession of the hogs and was wrongfully detaining them from him to his damage in the sum of $25. He asked judgment for the recovery of the hogs and damages for their detention. Baker accepted service of summons on March 30, 1944. On April 10, 1944, Baker entered his special appearance to the action for the purpose of objecting to the jurisdiction of the Lyon Quarterly Court to entertain the suit against him by reason of the fact that he was Superintendent of the Kentucky Woodlands

Wildlife Refuge by appointment under the Rules and Regulations issued by the Department of the Interior of the United States of America, and that the suit was in substance against the United States of America which had not consented to be sued; and that he had no personal connection with the subject matter of the suit. On the same day Calhoun filed a demurrer to Baker's special appearance which was sustained by the Court. At that time, on April 10, 1944, the Court entered a judgment which stated that Baker declined to plead further and the affirmative allegations of the petition with the exception of allegations as to value and damages were taken as confessed, and evidence having been heard it was adjudged that the plaintiff recover of the defendant the sum of $80 as the value of the five hogs described in the petition together with $5 damages. Baker's attorney, immediately upon being advised that such a judgment had been entered, prepared and tendered to the Lyon Quarterly Court a petition for removal of the action to the United States District Court for the Western District of Kentucky, which included Lyon County wherein the state suit was filed. James A. Vinson, Judge of the Lyon Quarterly Court, refused to accept or file the petition for removal and refused to permit the execution of the necessary bond and refused to enter an order transferring the case to the Federal court. The tendered petition for removal stated that Baker was the Assistant Refuge Manager of the Kentucky Woodlands National Wildlife refuge, which was located in Trigg and Lyon Counties in the Western District of Kentucky; that said wildlife refuge was under the supervision of the Department of Interior of the United States of America; that the Secretary of Interior had determined that it was necessary that the ranging of cattle and hogs at large upon the wildlife refuge should be prohibited; that the Assistant Refuge Manager was authorized by regulations to impound any domestic animals running at large on any part of the wildlife refuge; that the Assistant Refuge Manager in charge of the Government property in question was being interfered with by the prosecutions of the suit which was in reality an attempt on the part of the plaintiff to maintain the action against the United States of America without its consent; and that there was a

Federal question involved in the case of which the state court had no jurisdiction. Following the action of Judge Vinson, Gerald F. Baker filed this action in the United States District Court for the Western District of Kentucky against the defendants herein, Robert Calhoun and James A. Vinson as Judge of the Lyon Quarterly Court, in which he set out the foregoing facts with the additional allegation that the judgment entered on April 10, 1944, was entered without giving him any time whatsoever in which to plead to the merits of the action if he so desired. In his petition the plaintiff prays that defendants be enjoined from proceeding further with the enforcement of the judgment in the Lyon Quarterly Court, and that a mandatory injunction be issued directing the defendant Judge Vinson to file the petition for removal and enter an order removing the case to the United States District Court. A certified transcript of the proceedings in the state court was filed in the U. S. District Court, which was considered by the Court as removal of the action to the U. S. District Court. Holm v. Hickory Cane Mining Co., D.C.W. D.Ky., 36 F.Supp. 441. The defendants thereupon moved to dismiss the petition for lack of jurisdiction and for failure to state a claim upon which relief could be granted.

It seems clear that the action of the Judge of the Lyon Quarterly Court in entering the judgment of April 10, 1944, without giving Baker an opportunity to plead to the merits of the case after his special appearance had been adjudged insufficient was erroneous. However, the judgment is not void and can not be successfully attacked on that ground in this proceeding. Civil Code of Practice of Ky. §§ 517, 518(3); Flinn v. Blakeman, 254 Ky. 416, 430, 71 S.W.2d 961. It follows that this Court has no jurisdiction in the matter unless the action was one which could be removed to the U.S. District Court by proper removal proceedings and such proceedings were duly instituted. The attempted removal is apparently based upon the provisions of Section 76, Title 28 U.S. C.A., which authorizes the removal of a civil suit in any state court filed against certain officers of the United States. However, this statute does not apply to all officers of the United States. It is specifically limited by its terms to actions commenced in a state court against (1) any-

officer appointed under or acting by authority of any revenue law of the United States, or (2) any officer of the Federal courts, or (3) any officer of Congress. As has been pointed out in some of the opinions construing this statute, it is not for the Court to decide that it would be advisable for other officers of the United States to have the same right of removal, but the matter is controlled solely by the judgment of Congress as expressed in the statute as enacted. Gerald F. Baker as Assistant Refuge Manager of the Kentucky National Wildlife Refuge is not one of the officers of the United States authorized by this section of the statute to remove an action against him from the state court to the U. S. District Court. In re Mendenhall, D.C., 10 F.Supp. 122; Twin Falls Canal Co. v. Foote, C.C., 192 F. 583; Underwood v. Dismukes, D.C., 266 F. 559.

Plaintiff's counsel refers in his brief to the existence of a federal question and to Section 71, Title 28 U.S.C.A., which is the statute dealing generally with the removal of suits from state courts to the U. S. District Court. But the existence of a federal question is not sufficient by itself to authorize removal under that statute. In addition to involving a federal question, it must also be one of which the District Courts of the United States have original jurisdiction. In such cases it is also necessary that the matter in controversy exceed the sum of $3,000. Sec. 41(1), Title 28 U.S.C.A.; Hague v. C. I. O. C., 307 U.S. 496, 507, 508, 59 S.Ct. 954, 83 L.Ed. 1423; Cooney v. Legg, D.C., 34 F.Supp. 531; Teeters v. Henton, D.C., 43 F.2d 175. The jurisdictional amount does not exist in this case. Plaintiff's counsel cites in support of his contention the rulings in Steele v. Halligan, D.C., 229 F. 1011, Winters v. Drake, C.C., 102 F. 545, and Lester v. G. L. Tarlton Contractor, Inc., D.C., 45 F.Supp. 994. In Steele v. Halligan both the federal question and the jurisdictional amount existed. In Lester v. C. L. Tarlton, Contractor, the question discussed was the existence or non-existence of a federal question with the opinion indicating, without specifically stating, that the jurisdictional amount also existed. In Winters v. Drake the defendant was a receiver appointed by the federal court and accordingly included within the classification of officers authorized to remove causes to the district court by Sect. 76, Title 28 U.S.C.A., above referred to.

Plaintiff's motion to dismiss for lack of jurisdiction is treated as a motion to remand to the state court and is sustained. Sect. 71, Title 28 U.S.C.A.