**MARTIN v. WHEATLEY.**
Civil Action No. 174.

District Court, W. D. Arkansas,
Hot Springs Division.
Aug. 31, 1945.

See, also, Wheatley v. Martin, 62 F. Supp. 109.

C. Floyd Huff and Scott Wood, both of Hot Springs, Ark., for plaintiff.

Richard M. Ryan and James R. Campbell, both of Hot Springs, Ark., for defendant.

JOHN E. MILLER, District Judge.

On July 6, 1945, the plaintiff, Ora C. Martin, a resident and citizen of Florida, filed in this court her complaint, seeking to recover a judgment against defendant, Erb O. Wheatley, a resident and citizen of Arkansas, in the sum of $4300, and alleged that the said sum is the net amount of her losses in games of chance conducted by the defendant at a "common gambling house" owned and operated by the said defendant in the city of Hot Springs, Arkansas. The complaint is based upon Section 6112 of Pope's Digest of the Statutes of Arkansas.[1]

Summons was issued on date complaint was filed and was served on defendant in the city of Hot Springs on July 12, 1945.

On July 14, 1945, the defendant through his attorneys filed a motion to dismiss the complaint and alleged three grounds therefor, as follows: (1) The pendency of another action between the same parties involving the same controversy, which action was filed in the Circuit Court within and for Garland County, Arkansas on June 27, 1945, by the defendant here, Erb O. Wheatley, as plaintiff against the plaintiff here as defendant; (2) that the plaintiff here had filed an answer and counterclaim in said

---

[1] The statute in its present form, reads: "Any person who shall lose any money or property at any game or gambling device, or any bet or wager whatever, may recover the same by action against the person winning the same; but such suit shall be instituted within ninety days after the paying over of the money or property so lost."

The evolution and history of this statute are set forth in Lane v. Alexander, 168 Ark. 700, 271 S.W. 710. See. also, Simpson v. Brooks, Ark., 189 S.W.2d 364.

Garland Circuit Court as required by Section 1416 of Pope's Digest of the Statutes of Arkansas; (3) that the complaint is not based upon any alleged breach of common law duty and the allegations therein are not such as give jurisdiction to this court.

The attorneys for the respective parties have presented most excellent briefs in support of their contentions on the grounds above set forth, and the court has considered them in the order named.

The other action referred to by defendant in the first ground enumerated in the motion to dismiss is an action begun by him as plaintiff on June 27, 1945, in the Circuit Court of Garland County, Arkansas, wherein he alleged that the defendant therein, Ora C. Martin, the plaintiff here, is indebted to him in the sum of $1500 which he advanced to the defendant on her check on June 9, 1945, and that before the check which was drawn on a bank in Hot Springs, Arkansas, could be presented for payment the defendant wrongfully withdrew her funds from the bank without leaving therein a sufficient amount to pay the check. The plaintiff alleged that defendant is a non-resident of Arkansas and that she had removed her property or a material part thereof from Arkansas with the fraudulent intent to cheat, hinder or delay her creditors in the collection of their claims. The prayer of the complaint is for "judgment against the said defendant in the sum of $1500.00, with interest thereon at the legal rate and for his costs herein, expended and incurred, and for all other proper and general relief."

The record in that case [2] reflects that a general attachment and summons were issued and served on defendant, personally on same date suit was filed June 27, 1945.

The general attachment issued in the suit did not have the effect of converting the same into a suit in rem. No specific lien was claimed by the plaintiff on any property of defendant and the attachment was issued in aid of the collection of a judgment in personam against the defendant if the plaintiff should be successful in establishing his right to a general judgment for $1500. See, Section 531, Pope's Digest of the Statutes of Arkansas.

In 7 C.J.S., Attachment, page 189, § 2 (5), it is said:

"Attachment is sometimes spoken of as being in rem; but, strictly speaking, this is incorrect, as a proceeding in rem is taken irrespective of parties and is binding on the whole world, while the attachment affects the particular debtor only and is binding on him alone, and the property is brought before the court merely in aid of the remedy against the individual sued. The fact is that the proceeding by attachment is of a dual nature, partaking of the nature of a proceeding in rem and also of an action in personam. When no jurisdiction is obtained over the debtor's person, the remedy partakes of the nature of a proceeding in rem in that it proceeds against the property in the custody of the court and the judgment binds such property only; but where jurisdiction of the debtor's person is obtained, either by personal service or appearance, the action in which the proceeding is had is, ordinarily, in personam and a personal judgment is rendered without regard to the attachment."

In Eaton et al. v. Pennywit, 25 Ark. 144, the Supreme Court of Arkansas said, quoting syllabi one:

"In a suit by attachment to subject the property of non-resident debtors to the payment of their debts, the courts have

---

[2] The record is before the court by reason of the removal of the case from the Garland Circuit Court upon the petition of the nonresident defendant. The petition for removal is based upon diversity of citizenship of the parties and because of the provisions of Section 1416 of Pope's Digest of the Statutes of Arkansas, which require a defendant to plead in his answer "any new matter constituting a defense, counterclaim or set-off, in ordinary and concise language, without repetition." The petition for removal was filed July 16, 1945, subsequent to the filing in this court of the present suit, and alleges that since under the provisions of Section 1416,

supra, she is compelled to set forth in her answer all claims against the plaintiff or be barred from presenting them, and that since her claim against plaintiff exceeds $3000.00 that the cause should be removed to this court.

The Arkansas Supreme Court in Morgan v. Rankin, 197 Ark. 119, 122 S.W. 2d 555, 119 A.L.R. 1466, and Adams and Rusher v. Henderson, 197 Ark. 907, 125 S.W.2d 472, held that the provisions of Section 1416, supra, are mandatory.

The plaintiff in the action so removed has filed a motion to remand which is pending.

jurisdiction over the property, within the State, sought to be subjected to such debts, though it be a steamboat; the action being in personam, and not in rem, against the boat."

The case was affirmed by the Supreme Court of the United States, Pennywit v. Eaton, 82 U.S. 380, 15 Wall. 380, 21 L.Ed. 72.

In the argument of this case the attorneys for the defendant here have erroneously assumed the action in the State court to be an action in rem.

In 1 C.J.S., Actions, page 1148, § 52, it is said:

"Actions in personam and actions in rem differ in that the former are directed against specific persons and seek personal judgments, while the latter are directed against the thing or property or status of a person and seek judgment with respect thereto as against the world."

Since the plaintiff, Erb O. Wheatley, in the cause filed by him in the Garland Circuit Court seeks only a personal judgment against the defendant therein, who is the plaintiff here, the pendency of such suit does not have the effect of precluding the jurisdiction of this court to proceed with the present suit. Barber Asphalt Paving Co. v. Morris, Judge, 8 Cir., 132 F. 945; Kline et al. v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L. R. 1077; Haney v. Wilcheck et al., D.C. W.D.Va., 38 F.Supp. 345, 356.

In 1 Moore's Federal Practice, page 230, the rule is stated as follows:

"Thus the pendency of a State court action in personam is no ground for abatement or stay of a like action in the Federal court, although the same issues are being tried and the Federal action is subsequent to the State court action."

The fact that the answer of the defendant filed in the State action contains, from necessity, the same allegations as are contained in the instant suit does not alter or change the applicable rule, even though the court should grant the motion to remand now pending in the removed State court suit.

In McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 505, 54 L.Ed. 762, the rule is stated as follows:

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

(2) The consideration given the first contention of the defendant and the conclusion reached thereon, leaves little to be said on the second alleged ground contained in the motion to dismiss. In footnote 2 the court has referred to the statute of Arkansas which requires a defendant to plead any and all new matter constituting a defense, counterclaim or set off and has referred to the decisions of the Supreme Court of Arkansas holding that the provisions of the statute are mandatory. Since the plaintiff here was compelled to answer in the State court and plead all her defenses, counterclaims or set offs such action should not be held a ground for dismissal of the present suit regardless of the effect such pleading may have in the consideration and determination of the motion to remand the State court action.

(3) The third contention of the defendant here is that the plaintiff's alleged cause of action is not based upon any breach of common law duty and that the allegations are not such as to give jurisdiction in a suit between citizens of different States.

The common law left persons who chose to engage in games of chance in the position where such activities placed them. It did not undertake to aid any one who voluntarily pursued "lady luck." However, the State of Arkansas in an effort to discourage gambling within her borders adopted the statute heretofore set forth in footnote 1 and the Supreme Court of the State has held that the loser may maintain a suit to recover his losses.

The attorneys for the defendant have argued that this is not a suit in common law or in equity that can be heard and determined by this court.

Section 24, Judicial Code, 28 U.S.C.A. § 41, confers original jurisdiction upon the District Courts of all suits of a civil nature, at common law or in equity between citizens of different States where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3000.

In Dennick v. Railroad Company, 103 U.S. 11, 18, 26 L.Ed. 439, the Supreme Court of the United States said:

"Wherever, by either the common law or by the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties."

In Milwaukee County v. M. E. White Co., 296 U.S. 268, 270, 56 S.Ct. 229, 231, 80 L.Ed. 220, the court said:

"By section 24(1) of the Judicial Code, 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1), District Courts are given original jurisdiction 'of all suits of a civil nature, at common law or in equity,' where there is the requisite diversity of citizenship and the amount in controversy exceeds $3,000. In this grant of jurisdiction of causes arising under state as well as federal law the phrase 'suits of a civil nature' is used in contradistinction to 'crimes and offenses,' as to which the jurisdiction of the district courts is restricted by section 24(2), 28 U. S.C.A. § 41(2) to offenses against the United States. Thus, suits of a civil nature within the meaning of the section are those which do not involve criminal prosecutions or punishment, and which are of a character traditionally cognizable by courts of common law or of equity."

In Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, the court said:

"Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."

In the same case, 304 U.S. on page 79, 58 S.Ct. on page 823, 82 L.Ed. 1188, 114 A.L.R. 1487, the court said:

"The fallacy underlying the rule declared in Swift v. Tyson [16 Pet. 1, 10 L.Ed. 865] is made clear by Mr. Justice Holmes. The doctrine rests upon the assumption that there is 'a transcendental body of law outside of any particular State but obligatory within it unless and until changed by statute,' that federal courts have the power to use their judgment as to what the rules of common law are; and that in the federal courts 'the parties are entitled to an independent judgment on matters of general law':

" 'But law in the sense in which courts speak of it today does not exist without some definite authority behind it. The common law so far as it is enforced in a State, whether called common law or not, is not the common law generally but the law of that State existing by the authority of that State without regard to what it may have been in England or anywhere else. * * *

" 'The authority and only authority is the State, and if that be so, the voice adopted by the State as its own (whether it be of its Legislature or of its Supreme Court) should utter the last word.' "

The words "at common law," as used in the Judicial Code, supra, embrace not merely suits which the common law recognized but suits in which legal rights were to be ascertained and determined as distinguished from suits in equity as well as suits in admiralty.

The case of Cross et al. v. Ryan, 7 Cir., 124 F.2d 883, 886, is illustrative of the question involved here. In that case the court held that it had jurisdiction to hear and determine a suit for the recovery of damages under the so-called Dram Shop Act of Illinois, Ill.Rev.Stat.1939, c. 43, § 135. The court stated:

"The test is whether the action brought to recover under the cause of action given by the statute is essentially a suit to vindicate a private right as distinguished from punishment in a criminal action."

The present suit is one to recover under the cause of action created by the Statute of Arkansas.

It follows that the motion to dismiss should be overruled and an order overruling the motion to dismiss and saving the exceptions of the defendant is being entered today.