**UNITED ARTISTS CORPORATION v. ANCORE AMUSEMENT COR- PORATION et al.**

United States District Court
S. D. New York.

Jan. 10, 1950.

O'Brien, Driscoll, Raftery & Lawler, New York City, Attorneys for Plaintiff;

(George A. Raftery and Edward J. Toner, Jr., New York City, of Counsel).

Weisman, Celler, Quinn, Allan & Spett, New York City, Attorneys for Defendants; (Milton C. Weisman, Abraham Mopper, and Harry Snetkin, all of New York City, of Counsel).

COXE, District Judge.

Plaintiff instituted in three different courts in the State of New York two actions against each of the above-named defendants to recover sums of money alleged to be due plaintiff as film rentals under contracts providing for the exhibition by defendants of certain motion pictures distributed by plaintiff. By consent, all four actions were consolidated on November 17, 1949, into the one action which had originally been brought in the New York Supreme Court. Answers in all four actions were served on October 31, 1949. On November 18, 1949, the defendants removed the consolidated action by filing their joint petition therefor in this court in accordance with § 1446(a) of revised Title 28 United States Code Annotated.

■ Section 244 of the New York Civil Practice Act provides that, within twenty days after a pleading is served, it may be once amended as of course. To their petition for removal defendants annexed a copy of a proposed amended answer which, they stated, would be served on or before November 21, 1949, the date when their right to serve an amended answer in the consolidated action would expire. The amended answer was served after the petition was filed. It contains, for the first time, two additional separate defenses, one of which is also denominated a counterclaim, in which it is alleged that the contracts sued upon are illegal and void in that plaintiff and other motion picture distributors are engaging in an unlawful monopoly in violation of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq., as held by the Supreme Court in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, to defendants' damage, including treble damages. Only federal courts have jurisdiction over actions brought under either the Sherman or Clayton Acts.

Section 1446(b) of revised Title 28, as amended on May 24, 1949, provides:

"The petition for removal * * * shall be filed within twenty days after the receipt by the defendant, * * * of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, * * *.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, * * * of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ Obviously this section is inapplicable to the present situation. None of the initial pleadings—the complaints in the four State court actions—sets forth a removable claim, and plaintiff has not served any amended pleading or other paper from which it can be ascertained that the case has become removable. What defendants are seeking to do is to create a right to removal by amending their own pleading so as to set forth a removable claim, and to do so after more than twenty days have elapsed since the service of the initial pleadings in which no removable claim was set forth. But they may not do this, for the statute authorizes only a defendant to remove a case from the State court, and then only upon the basis of a pleading setting forth a federal claim against himself, not a claim by himself. It is axiomatic that the jurisdiction of the federal district courts is strictly limited by statute, and the procedure by which jurisdiction is obtained must be strictly followed.

■ The fact that the claim set up in the amended answer is one over which the State court will have no jurisdiction upon remand does not justify this court in retaining jurisdiction over an action improperly removed here.

Plaintiff's motion to remand is granted.