**STUART et al. v. CREEL.**

United States District Court
S. D. New York.
May 18, 1950.

Weisman, Celler, Quinn, Allan & Spett, New York City, Samuel R. Rudey, New York City, of counsel, for plaintiffs.

James Randall Creel, New York City, pro se.

IRVING R. KAUFMAN, District Judge.

The Court has before it a motion by the plaintiffs to remand this action to the City Court of the City of New York from which it was removed on the filing of the defendant's petition. The action was removed to this court pursuant to Section

1441(a) of Title 28 U.S.C.A., which permits a civil action brought in a state court to be removed by the defendant, if the district court has original jurisdiction in the matter. Section 1447(e) of Title 28 U.S.C.A. provides that the district court shall remand a case if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction.

The action was brought to recover unpaid rent in the sum of $1,497.53. This sum represents a retroactive increase in rent permitted by an order of the Housing Expediter dated April 23, 1948.

■ The plaintiffs allege that jurisdiction is lacking in the district court because the amount in controversy is less than $3,000. The defendant claims that since the validity of the O. H. E. order, issued under authority of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., is in question in this suit, a federal question is presented which gives the court jurisdiction. The difficulty with this contention is that the suit is not brought pursuant to the special jurisdiction provisions of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, §§ 1895, 1896, and therefore it is mandatory that the amount in controversy be in excess of $3,000, exclusive of interest and costs. Title 28 U.S.C.A. § 1331; see Luftman v. Ross, D.C.S.D.N.Y. 1948, 75 F.Supp. 627, 628; Baker v. Calhoun, D.C.W.D.Ky. 1944, 56 F.Supp. 885.

Defendant alleges that the amount in controversy does exceed the jurisdictional amount for two reasons:

(a) That the substantial averments of the complaint indicate that the amount in controversy is in excess of $6,000.

(b) That defendant's counterclaim for $4,677.92 supplies the jurisdictional requirment.

■ As to the first contention it may be stated that while the Court may look behind a mere allegation of the jurisdictional amount in a complaint to determine from the averments in the complaint whether the plaintiff could possibly recover $3,000 or more, the Court cannot increase the amount prayed for in the complaint, which in this case seeks a money judgment for only $1,497.53. That sum is all the plaintiffs are asking for in this suit and the Court cannot arbitrarily say that they really are litigating a much larger sum. Indeed, it has been held that a plaintiff in his prayer may waive a part of the recovery to which according to the averments of the complaint he is entitled, and thus avoid a removal of the cause. Collins v. Twin Falls North Side Land & Water Co., D.C.Idaho 1913, 204 F. 134; Harley v. Firemen's Fund Ins. Co., D.C.W.D.Wash. 1913, 245 F. 471. Of course, if the plaintiff were seeking recovery of property which he alleged to be of a value less than $3,000, instead of a sum of money, and it was patent either on the face of the complaint or from the petition for removal that the property in question was actually worth in excess of the jurisdictional amount, an entirely different situation would be presented. Harrison v. Grandison Co., D.C.E. D.La.1940, 34 F.Supp. 356. Such is not the case here. Plaintiff's claim is for the sum of $1,497.53 only, and that is all he can possibly recover. There is no merit therefore to defendant's first contention.

■ As to defendant's other contention, it is well settled that the removability of a case from a state to a federal court should be determined by the claim of the plaintiff as shown by the record at the time of filing the petition for removal, and that the amount sought in a counterclaim cannot be added to plaintiff's prayer in order to supply the necessary jurisdiction. Gates v. Union Central Life Ins. Co., D.C.E.D. N.Y. 1944, 56 F.Supp. 149; Harley v. Firemen's Fund Ins. Co., supra; Haney v. Wilcheck, D.C.Va.1941, 38 F.Supp. 345; Martin v. Wheatley, D.C.W.D.Ark.1945, 62 F.Supp. 104; Scarborough v. Mountain States T. & T. Co., D.C.W.D.Tex.1942, 45 F.Supp. 176; United Artists Corp. v. Ancore Amusement Corp., S.W.N.Y.1950, 91 F.Supp. 132. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Cf. Brown v. House, D.C.Idaho1927, 20 F.2d 142; Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535; Harrison v. Grandison Co., supra.

 The fact that defendant might not be able to litigate his counterclaim in the City Court does not justify this Court in retaining jurisdiction over an action improperly removed. Gates v. Union Central Life Ins. Co., supra; United Artists Corp. v. Ancore Amusement Corp., supra.

Motion to remand granted.