## NEW JERSEY ZINC COMPANY *v.* TROTTER.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEW JERSEY.

Decided May 7th, 1883.

*Jurisdiction—Pleading—Practice—Trespass.*

Where, in an action of trespass in which a count of trespass *quare clausum*, is joined to a count of trespass *de bonis asportatis*, the defendant sets up no plea of title, and it does not in any way appear by the record that title is involved, and the plaintiff recovers judgment for a sum less than $5,000, the defendant cannot bring the cause here on a writ of error, even though the judgment below may operate collaterally to estop the parties in another suit.

Trespass *quare clausum,* to which was joined a count of trespass *de bonis asportatis.* General issue. Trial and judgment for the plaintiff for $4,072.25, damages, costs, and charges. Defendant brought the cause here on error. Defendant in error moved to dismiss the writ of error, and joined with it a motion to affirm, grounding the first motion on the insufficiency of the amount of the judgment. The defendant resisted the motion on the ground that the real issue tried between the parties in the court below was the title to real estate of much greater value than $5,000.

*Mr. John Linn,* for plaintiff in error.
*Mr. Cortlandt Parker* and *Mr. Richard Wayne Parker,* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
This was an action of trespass brought by Trotter to recover damages of the New Jersey Zinc Company for entering on his lands and digging up and carrying away a quantity of franklinite ore. There were three counts in the declaration: two *quare clausum fregit,* and one *de bonis asportatis.* The plea was not guilty. No other issue was raised by the pleadings. Neither party set up title, so that the only matter in dispute was the liability of the zinc company to pay for the ore which

it was alleged had been wrongfully taken and carried away. Trotter recovered a judgment for $3,320 damages and $752.25 costs of suit. From that judgment the zinc company brought this writ of error, which Trotter now moves to dismiss because the value of the matter in dispute does not exceed $5,000.

As we decided at the present term, in *Hilton* v. *Dickinson, ante,* 165, our jurisdiction is determined by the value of the matter in dispute in this court, and the matter in dispute here in the present case is the judgment below for less than $5,000. It may be that the question actually litigated below related to the title of the parties to the land from which the ore in controversy was taken, and that the verdict will be conclusive on that question as an estoppel in some other case; but, as was also said at the present term, in *Elgin* v. *Marshall,* 106 U. S. 578, for the purpose of estimating the value on which our jurisdiction depends, reference can only be had to the matter actually in dispute in the particular cause in which the judgment to be reviewed was rendered, and we are not permitted to consider the collateral effect of the judgment in another suit between the same or other parties. It is the money value of what has been actually adjudged in the cause that is to be taken into the account, not the probative force of the judgment in some other suit. Here the thing, and the only thing, adjudged is that the zinc company was guilty of the particular trespass complained of, and must pay Trotter $3,320 for the ore taken away. Had the zinc company pleaded title to the land from which the ore was taken, and issue had been joined on that plea, a different question would have been presented. In that way, the land might have been made the matter for adjudication, and thus the matter in dispute on the record. But, as this case stands, only the possession of Trotter and his right to the ore are involved. It may be that, in order to find possession in Trotter, the jury were compelled to find that he had title to the land, and that in this way the verdict and judgment may estop the parties in another suit, but that will be a collateral, not the direct, effect of the judgment.

*The motion to dismiss is granted.*