## SHABOTZKY v. MASSACHUSETTS MUT. LIFE INS. CO.

District Court, S. D. New York.
May 27, 1937.

Prince & Loeb, of New York City, for plaintiff.

Cabell, Ignatius & Lown, of New York City, for defendant.

CLANCY, District Judge.

Plaintiff moves to remand this action to the Supreme Court, New York county. The action is based on two policies of insurance issued by the defendant upon the life of the plaintiff in the respective face amounts of $4,500 and $3,500. Both of these policies contain provisions whereby the insurer agreed to pay monthly benefits in the respective amounts of $45 and $35 and to waive payment of premiums otherwise due upon proof that the insured is permanently and totally disabled. This action is brought to recover the sum of $581.53 and interest, consisting of monthly benefits, alleged by the plaintiff to be due under the terms of the policies as a result of his alleged permanent and total disability, and premiums paid under protest.

The action was removed to this court on the ground of diversity of citizenship. Annexed to the removal petition was an affidavit of one of the defendant's actuaries in which it was stated that, in addition to the sum claimed by the plaintiff in the action, the defendant is required by law to set up reserves of $6,062 and $4,715 respectively, on each policy. The ground for the present motion is that the requisite jurisdictional amount is not involved.

It is well-settled law that the jurisdictional amount is that involved in the particular case and that the effect of a judgment as an estoppel in a subsequent action cannot be availed of to add to the sum or value of the matter in dispute. Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L. Ed. 249; Bruce v. Manchester & Keene Railroad, 117 U.S. 514, 6 S.Ct. 849, 29 L.

Ed. 990; New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L. Ed. 646; Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 S.Ct. 272, 44 L.Ed. 374. "The matter in controversy" would, therefore, appear to be the amount for which judgment was demanded in the complaint. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Wright v. Mutual Life Ins. Co. of New York (C.C.A.) 19 F.(2d) 117; appeal dismissed in 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726.

The case at bar must be distinguished from a suit brought to cancel or reinstate a policy of insurance. New York Life Ins. Co. v. Swift (C.C.A.) 38 F.(2d) 175. In the latter case the object to be gained by the bill, that is, the value of the right to be protected, is the test of the jurisdictional amount. Jensen v. New York Life Ins. Co. (C.C.A.) 50 F.(2d) 512; Pacific Mutual Life Ins. Co. v. Parker (C.C.A.) 71 F.(2d) 872; Mutual Life Ins. Co. v. Thompson (D.C.) 27 F.(2d) 753; Thorkelson v. Aetna Life Ins. Co. (D.C.) 9 F.Supp. 570.

Motion granted.