### CONNECTICUT GEN. LIFE INS. CO. v. COHEN.

Civ. No. 231.

District Court, E. D. New York.
April 27, 1939.

Clark & Baldwin, of New York City (John Kirkland Clark and Ganson J. Baldwin, both of New York City, of counsel), for plaintiff.

Emil K. Ellis, of New York City (Jonas Ellis, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion by the defendant to dismiss the bill of complaint on the ground that the matter in controversy does not exceed the sum of $3,000 exclusive of interest and costs.

This action was brought by the plaintiff, an insurance company, to rescind a policy of insurance by the terms of which it agreed to pay benefits of $200 a month to the defendant during his life in case of disability.

The complaint alleges that the matter in controversy exceeds exclusive of interest and costs the sum or value of $3,000. The language of the complaint is as follows: "At all times hereinafter mentioned, the Connecticut General Life Insurance Company, hereinafter referred to as the 'company', was, and still is, an insurance corporation duly organized and existing under and by virtue of the laws of the

State of Connecticut, and duly authorized and licensed to transact its business in the State of New York, and is a citizen and resident of the State of Connecticut, and has its principal place of business in Hartford, Connecticut; and the defendant is a citizen of the State of New York and resides at 7502 Ridge Blvd., Brooklyn, in the Borough of Brooklyn, City of New York; and the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000."

This is sufficient under Rule 84 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "*Forms.* The forms contained in the Appendix of Forms are intended to indicate, subject to the provisions of these rules, the simplicity and brevity of statement which the rules contemplate."

Jurisdiction is sufficiently alleged if Form 2 in the Appendix of Forms is followed. Form 2 provides: " * · * * The matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars."

■ Defendant is now over fifty years of age. He has a life expectation of over twenty years. Payments of $200 a month for over twenty years would largely exceed the sum of $3,000, therefore this Court has jurisdiction. Ginsburg v. Pacific Mutual Life Insurance Company of California, 2 Cir., 69 F.2d 97; Brotherhood of Locomotive F. & E. v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219.

■ Jurisdiction may be sustained upon the three additional grounds urged by the plaintiff, namely, (1) that the company has set up a reserve of over $11,000 regarding this policy. Mutual Benefit Health & Accident Association v. Fortenberry et al., 5 Cir.1938, 98 F.2d 570; Struble v. Connecticut Mutual Life Insurance Company of Hartford, D.C., 20 F.Supp. 779. (2) Defendant is claiming disability benefits in excess of $3,000, this is set forth in paragraph 12 of the complaint as follows: "Subsequently Cohen claimed in 1930, 1932, 1933, 1936 and 1938 that he had become disabled for various periods by bronchitis, and related diseases, and in 1937 by an injury to his foot, and demanded that the company pay disability benefits to him under said policy, and he now claims that he has been disabled by bronchitis since October 5, 1938, and that he will continue to be so disabled for at least a year in the future, his doctor having advised him to go away to the mountains, preferably to a sanitorium, for at least one year, and Cohen claims that he is entitled to the sum of $200 per month under said policy since October 5, 1938, and that he will be entitled to said sum of $200 per month during the continuance of said disability". If this allegation in the complaint is true the amount involved will run well over $3,000. (3) The $200 a month benefits claimed by the defendant since October 5, 1938, the sum of $1,388.32 claimed by the company for benefits paid, and the sum of $1,114.20, being the premiums paid, are in excess of $3,000.

Motion to dismiss the bill of complaint denied.

Settle order on notice.