## MITCHELL v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 211.

District Court, W. D. Louisiana, Alexandria Division.

Feb. 22, 1940.

Polk & Robinson, of Alexandria, La., for plaintiff.

Harold W. Hill, of Alexandria, La., and Montgomery & Montgomery, of New Orleans, La., for defendant.

PORTERIE, District Judge.

The plaintiff entered into a life insurance contract with the defendant on August 16, 1929. In 1932 he claimed to have become totally and permanently disabled. This was recognized upon physical examination, without suit, by the defendant company in 1933. The result to the date of institution of this suit has been that the defendant company has paid plaintiff $20 per month for five years, then $30 per month for a period of twenty-five months, ending July, 1939, at which time defendant company stated that plaintiff was no longer totally and permanently disabled.

Plaintiff then filed his suit, seeking judgment as follows:

(a) To be declared totally and permanently disabled;

(b) For judgment at $30 per month for the number of months between the last payment of July, 1939 to the date of the judgment; the decree being presumptive in that payments would continue according

to the contract as long as the total and permanent disability of the plaintiff be not again put at issue and declared otherwise;

(c) That an annual premium of $67.94, paid by the plaintiff since the stoppage of monthly disability payments in July, 1939, be refunded by the defendant company;

(d) That decree be declarative, as authorized by one of the clauses of the insurance contract, in that at any time the insurance company delays monthly disability payments, there will be a penalty imposed of double the installment;

(e) That attorney's fees be allowed the plaintiff, to be fixed and determined by the court;

(f) That no further annual premiums be paid by the plaintiff to maintain the insurance contract during the continuance of the total and permanent disability;

(g) That the plea of estoppel described in Article X of plaintiff's petition be maintained and perpetuated.

This suit was filed in the Ninth District Court, State of Louisiana. The defendant company removed it to the federal court and we are now passing upon a motion, filed by the plaintiff, to remand to the state court.

Jurisdiction is based solely upon diverse citizenship and jurisdictional amount. Diversity of citizenship is mutually admitted. We shall discuss the various items of the prayer in deciding jurisdiction as to amount.

If the plaintiff be determined by trial to be totally and permanently disabled, he will be entitled to a money judgment for six months at $30 per month, or the sum of $180. We are computing to the date of filing suit, December 7, 1939, which is the date on which jurisdiction is to be ascertained. Payments in the future during total and permanent disability are not to be considered in establishing jurisdiction. Wright v. Mutual Life Ins. Co. of N. Y., 5 Cir., 19 F.2d 117; Mutual Life Ins. Co. of N. Y. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820.

We admit that the refund of the annual premium of $67.94, paid since monthly disability payments have stopped, is an item in establishing jurisdiction as to amount.

The next item of the prayer, to the effect that if future monthly payments are delayed there should be a penalty in the form of double the monthly installments, is purely conditional on a future happening and is not to be considered in establishing jurisdictional amount. The collateral effect of a judgment is not the test of jurisdiction. List of cases previously cited support this view.

No quibble need be had on the item of attorney's fees, for the maximum the court could allow would be that which plaintiff himself demands (Article XII), to-wit, $1,000. As the subsequent reasoning of this case demonstrates, adding attorney's fees in the amount of $1,000 would not save the case for federal jurisdiction.

The other item of plaintiff's prayer that annual premiums in the future are not to be paid as long as the plaintiff remains totally and permanently disabled is merely consequential upon a future happening and is an incident of the contract not at issue. This item cannot be used in establishing jurisdiction as to amount. Cases previously cited support this holding.

We now reach item (g), which is the plea of estoppel, and which will decide the jurisdiction, state or federal.

We quote Article X of plaintiff's petition in full: "Petitioner now sets up and pleads specifically that plaintiff having furnished respondent Insurance Company all proof required by defendant of his total and permanent disability on and prior to April 14, 1932, and thereafter, followed by the recognition arising from payments and admission made by the respondent Insurance Company to plaintiff of the existence in plaintiff as against respondent Insurance Company of continuous permanent and total disability under the above policy; and the decision and recognition by defendant therefrom and by said proofs submitted by plaintiff as required that plaintiff was totally and permanently disabled on and after April 14, 1932, and continuously thereafter, that the said respondent Insurance Company is now estopped to deny that plaintiff is and was totally and permanently disabled on and prior to April 14, 1932, and continuously thereafter within the meaning of the terms of the said policy, and that it is indebted to him for the disability benefits proved by its policy as above, which estoppel your petitioner especially pleads."

So far, so good; but in Article IV of the petition, the conditions of the contract are fully and explicitly given. We quote the paragraph most germane: "When Benefits become Effective.—If, before attaining the age of sixty years and. while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured *so long as such disability continues*." (Italics supplied)

The court must hold that because of the latter paragraph, an essential part of the contract between the parties, made a part of the petition, it is legally impossible for the allegations of Article X to be urged. Article IV and Article X cannot coexist. The court cannot decree that the insuring company, because it has recognized and paid for total and permanent disability in the past, may not place at issue in this suit the total and permanent disability of the plaintiff; and the court may not decree, additionally, that the insuring company is forever estopped from raising the same issue, even though the judgment in the instant case be that plaintiff is now totally and permanently disabled. Therefore, the plea of estoppel cannot be considered in arriving at jurisdictional amount. Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166.

Summarizing, we conclude that the actual judgment in this case could be for only $180, monthly installments, plus $67.94, annual premium to be refunded, plus attorney's fees at no greater sum than $1,000.

However, the company, in its petition to remove to the federal court, refers to the requirement of the insurance contract that a reserve of $3,000 is to be established, in the case plaintiff be declared totally and permanently disabled. This amount is reached by a consultation of mortality tables in respect to plaintiff's life expectancy.

We find that such a contingent reserve is no basis to establish jurisdiction. Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Small v. New York Life Ins. Co., D.C., 18 F. Supp. 820. There are cases holding otherwise, but we adhere to the principles of Elgin v. Marshall, supra, so long and often followed.

Moreover, the parties litigant in this case are not trying to vitiate the contract of insurance between them; they are merely seeking a court interpretation of one of the clauses of the contract—the one involving monthly payments because of total and permanent disability. So, the face of the policy in this case does not serve to fix jurisdiction. See Mutual Ben. Health & Accident Ass'n v. Fortenberry et al., 5 Cir., 98 F.2d 570; Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Equitable Life Assur. Soc. of the U. S. v. Wilson, 9 Cir., 81 F.2d 657; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F. 2d 322.

The motion to remand to the state court is granted.