## GATES v. UNION CENTRAL LIFE INS. CO. (two cases).

### Civil Actions Nos. 3479, 3480.

District Court, E. D. New York.

Feb. 8, 1944.

Reargument Denied Feb. 28, 1944.

150

Greenhill & Greenhill, of New York City (Simon Greenhill and Joseph Greenhill, both of New York City, of counsel), for the plaintiff.

House, Crossman, Vorhaus & Hemley, of New York City (Bernard G. Walpin, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

The two actions under the above title come before this court on five motions:

1. Motion on behalf of plaintiff to remand Action No. 1 Civil No. 3479 to Mu--

nicipal Court of the City of New York, Borough of Brooklyn, Fifth District.

2. Motion on behalf of plaintiff to remand Action No. 2 Civil No. 3480 to the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District.

3. Motion on behalf of defendant to strike from plaintiff's complaint in Action No. 1 Civil No. 3479 all of the language contained in the paragraph thereof therein designated as "Tenth."

4. Motion on behalf of defendant to strike from plaintiff's complaint in Action No. 2 Civil No. 3480 all of the language contained in the paragraph thereof therein designated as "Tenth."

5. Motion on behalf of the defendant to consolidate Action No. 1 Civil No. 3479 and Action No. 2 Civil No. 3480.

The principal question presented in these cases is whether they should be remanded to the State Court, or remain here.

While the amounts demanded in each case differs, the questions of law presented in each case are the same, and one opinion will suffice.

The motion to remand in each case is based on the contention that this court is without jurisdiction to hear and determine the case since the amount in dispute in the action does not exceed the sum of three thousand dollars, exclusive of interest and costs.

■ Each action having been removed to this court on the ground of diversity of citizenship, 28 U.S.C.A. §§ 71-82, this court does not have jurisdiction unless the amount in dispute exceeds the sum of three thousand dollars exclusive of interest and costs. 28 U.S.C.A. § 41(1).

These are actions brought in each instance to recover installments alleged to be due under life insurance policies on the life of the deceased in installments.

Action No. 1 Civil No. 3479 is brought to recover ten installments of $50 each amounting to $500 of a policy for $5,000.

Action No. 2 Civil No. 3480 is brought to recover ten installments of $25 each amounting to $250 of a policy for $2,500.

The recovery can only be of the installments due and plaintiff has no right to require payment in full of the policies at this time.

Defendant contends, that as under the law it is required to set up a reserve in the case of each policy, the amount in dispute is the amount of the policies, not the amount of installments due.

■ A removal is purely statutory and the statute must be strictly construed. Compania Minera Y Compradora, etc., v. American M. Co., D.C., 262 F. 183; Eddy v. Chicago & N. W. Ry. Co., D.C., 226 F. 120; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Berlin v. Travelers Ins. Co. of Hartford, Conn., D.C., 18 F.Supp. 126.

■ There has been a diversity of opinion on the question of whether a reserve set up or to be set up by a life insurance company justifies a removal from a state to a federal court, but, in my opinion the weight of authority in an action at law, like the actions at bar, is that it does not.

In the case of Button v. Mutual Life Ins. Co. of New York, D.C., 48 F.Supp. 168, Miller, J., the decisions on both sides of the question are considered and the Court finds that the motion to remand should be granted. I agree with Justice Miller in his reasoning and in the result at which he arrived.

Surveying the cases cited by Judge Miller in support of his findings, which is the majority view, they are based on the following principles.

■ The collateral effect of a judgment is not the test of jurisdiction. Troy v. Evans, 97 U.S. 1, 24 L.Ed. 941; Town of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; New Jersey Zinc Co. v. Trotter, 108 U.S. 564, 2 S.Ct. 875, 27 L.Ed. 828; City of Opelika v. Daniel, 109 U.S. 108, 3 S.Ct. 70, 27 L.Ed. 873; Bruce v. Manchester & Keene Railroad, 117 U.S. 514, 6 S.Ct. 849, 29 L.Ed. 990; Mutual Life Ins. Co. of New York v. Moyle, D. C., 34 F.Supp. 127; Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F. Supp. 166.

■ A reserve is merely incidental, consequential and collateral to the claim sued upon and thus cannot be the basis of jurisdiction. Berlin v. Travelers Ins. Co. of Hartford, Conn., D.C., 18 F.Supp. 126; Mutual Life Ins. Co. of New York v. Moyle, D.C., 34 F.Supp. 127, affirmed, 4 Cir., 116 F.2d 434; Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820; Edelmann v. Travelers Ins. Co. of Hartford, Conn., D. C., 21 F.Supp. 209; Stockman v. Reliance

152

Life Ins. Co. of Pittsburgh, Pa., D.C., 28 F.Supp. 446; Asbury v. New York Life Ins. Co., D.C., 45 F.Supp. 513.

■ The "matter in controversy" must be measured by the judgment demanded in the complaint. Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Berlin v. Travelers Ins. Co. of Hartford, Conn., D.C., 18 F.Supp. 126.

A clear distinction has been drawn by the Courts between actions at law and in equity where a reserve set up, or to be set up is made the basis of jurisdiction, and their holding has been that in an action in equity it is the policy itself which is directly in controversy, but that in an action at law, which is the situation in each of action No. 1 and No. 2 at bar, it is the amount sued for which is directly in controversy, so that a reserve is not the basis for jurisdiction in an action at law. Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Mutual Life Ins. Co. of New York v. Moyle, D.C., 34 F.Supp. 127, affirmed, 4 Cir., 116 F.2d 434; Berlin v. Travelers Ins. Co. of Hartford, Conn., D.C., 18 F. Supp. 126; Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820.

The cases cited by Judge Miller in Button v. Mutual Life Ins. Co. of New York, D.C., 48 F.Supp. 168, 169 as supporting the opposing view are easily distinguishable, as they deal in the main with actions in equity as distinguished from actions at law.

■■ The claim by the defendant that this Court has jurisdiction by reason of the counterclaim alleged by it for cancellation and/or recession of the policy sued upon is not sustained, because as I have hereinbefore said, the complaint, which is the initial pleading, fixes the amount in controversy, and the counterclaim can not be considered. Harley v. Firemen's Fund Ins. Co., D.C., 245 F. 471; Kristiansen v. National Dredging Co.; D.C., 4 F.Supp. 925; St. Paul Mercury Indemnity Co. v. Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

■ The contention of the defendant that this Court should retain jurisdiction or else it would lose its right to litigate the counterclaim in the State Court (The Municipal Court of the City of New York) since that Court has no authority to entertain a counterclaim for cancellation and/or recession, does not change the situation.

That contention requires no further consideration as the defendant has an adequate remedy at law, that of interposing a defense of breach of warranty or fraud. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U. S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Federal Life Ins. Co. v. Ettman, 8 Cir., 120 F. 2d 837; Equitable Life Assurance Society v. Kushman, 276 N.Y. 178, 182, 11 N.E.2d 719; Home Life Ins. Co. v. Klein, Sup., 25 N.Y.S.2d 215, 217, and a determination in favor of defendant in the action would end the matter.

The case of Ginsburg v. Pacific Mut. Life Ins. Co. of California, 2 Cir., 69 F. 2d 97, is not authority for the interpretation put upon it by Counsel for defendant, as in that case the amount sued for as set forth in the complaint was $25,265.15. The answer contained a counterclaim for recession of a policy which had a value in excess of $3,000. The Court clearly had jurisdiction. No question of a reserve set up or to be set up arose in the case. The motion before the Court in that case was to discuss the complaint.

There was no removal and no motion to remand in the Ginsburg case.

Defendant has cited a number of cases, and they illustrate the proposition that where the complaint states a cause of action in equity a motion to remand will not be granted, but the Federal Court will retain jurisdiction. See Thorkelson v. Aetna Life Ins. Co., D.C., 9 F.Supp. 570; Connecticut Gen. Life Ins. Co. v. Cohen, D. C., 27 F.Supp. 735; Enzor v. Jefferson Standard Life Ins. Co., D.C., 14 F.Supp. 677.

In Small v. New York Life Ins. Co., D. C., 18 F.Supp. 820 this line of cases are examined and distinguished.

The actions at bar are actions at law, not in equity.

The cases cited by defendant are not in point.

Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 19 F.2d 117, which defendant contends is in dispute never has been repudiated it was cited as late as January 9, 1943, in Button v. Mutual Life Ins. Co. of New York, D.C., 48 F.Supp. 168, on the proposition that the collateral effect of a judgment is not the test of jurisdiction.

■ Consolidation of the two cases would be of no avail to defendant to sustain jurisdiction, and the total of the judg-

ments demanded in both cases would be only $750.

Defendant contends that by consolidation this Court would have jurisdiction, and cites Bley v. Travelers Insurance Co., D. C., 27 F.Supp. 351. In that case two separate actions were commenced in the State Court of Alabama on two policies amounting to $2700 and $1300 respectively, making $4,000 in all. A motion was made in the State Court to consolidate. Thereafter the consolidated actions were removed to the Federal Court, and a motion to remand was denied on the ground that the Federal Court had jurisdiction as under the Alabama Statute governing consolidation of actions, both actions were merged so that the amount in dispute was $4,000 or more than $3,000. That case is not in point here. Each of the actions at bar was separately removed to this Court.

The statement in the affidavit of David Vorhaus that defendant has in its possession the signed "Amendment of Application" in which he agreed to accept an additional policy of $2500, requires little consideration. Under the Insurance Law, Consol.Laws N.Y. c. 28, the whole insurance contract between the parties is as stated in the policy, and any writing is not binding "unless a copy thereof is endorsed upon or attached to the policy or contract when issued." § 142. Therefore the Amendment of Application attached to the policy has no legal effect as it is unattached. New York Life Ins. Co. v. Jacob, D.C., 42 F.Supp. 363, affirmed, 6 Cir., 123 F.2d 1016.

As the motion to remand should be granted it seems to me that the motions Nos. 3 and 4 directed to the pleading and motion No. 5 for consolidation should properly be left to the State Court, therefore, I express no opinion as to such motions and have not considered them.

The motions No. 1 and 2 to remand both of the actions No. 1 and 2, Civil No. 3479 and Civil No. 3480 are granted.

Settle order in both actions on notice.

On Motion for Reargument.

This is a motion for reargument of a motion to remand.

The questions sought to be reargued were decided by me after careful consideration, and nothing has been presented which would tend to change my opinion.

Motion denied. There are no costs on motions in this Court.