**Donald TRULLINGER, Plaintiff,**

v.

**Morris ROSENBLUM et al.,
Defendants.**

**Civ. No. 2842.**

United States District Court,
E. D. Arkansas, W. D.

Oct. 22, 1954.

Moncreif & Moncreif, Joseph Morrison, Stuttgart, Ark., Leffel Gentry, Little Rock, Ark., for plaintiff.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., Feuerstein, Fleet & Feibelman, Milton C. Picard, Memphis, Tenn., for defendants.

TRIMBLE, Chief Judge.

Donald Trullinger, a citizen of the Northern District of Arkansas County, Arkansas, filed suit in the Circuit Court of that District and County on June 18, 1954, against Morris Rosenblum and Jack J. Jacobs, who are citizens and residents of the State of Tennessee. In this action Trullinger sought to recover from Rosenblum and Jacobs the sum of $718.18 as damages to a truck which was involved in a collision on April 22, 1953, on U. S. Highway 79 about one and one-half miles southwest of Stuttgart, Arkansas.

Summons was properly issued upon the complaint filed and was served on July 8, 1954.

On or about July 21, 1954, Rosenblum and Jacobs separately filed answers to said complaint and counterclaims. The answers generally denied the material allegations of the complaint, and the counterclaim on the part of Morris Rosenblum sought damages against Trullinger for the sum of $77,500, and the counterclaim of Jack J. Jacobs sought damages in the amount of $17,500.

On the same date, July 21, 1954, on which the answers and counterclaims were filed, Rosenblum and Jacobs filed in United States District Court for the Western Division of the Eastern District of Arkansas a petition for removal alleging that there is a diversity of citizenship between the parties and that the matter in controversy in each counterclaim exceeds the sum of $3,000.

On August 2, 1954, plaintiff Donald Trullinger filed a response to the petition of the defendants to remove the cause, which will be treated as a motion to remand.

The apparent earnestness and diligence with which counsel for the resident litigant have prepared and presented their briefs and argument have caused

me to give extraordinary attention to all points raised in an endeavor to reach a logical conclusion.

The right of the defendants to remove this cause from the state court to the federal court, if such right exists, must be found in Section 1441(a), Title 28, U.S.C.A.:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

This removal right is purely statutory, and the statute must be strictly construed. Saldibar v. Heiland Research Corporation, D.C., 32 F.Supp. 248; Gates v. Union Central Life Insurance Company, D.C., 56 F.Supp. 149; Weatherford v. Ratcliffe, D.C., 63 F.Supp. 107; Merz v. Dickson, D.C., 95 F.Supp. 193; Old Reading Brewery v. Lebanon Valley Brewing Company, D.C., 102 F.Supp. 434; Hoyt v. Sears, Roebuck & Co., 9 Cir., 130 F.2d 636.

In order to determine whether or not the defendants in this case have a right to remove it to the federal court, we must first look to the words of the statute itself. The removal statutes were re-enacted by the Act of June 25, 1948, which has been amended by the Act of May 24, 1949. The drafters of the new removal statute endeavored to the utmost to clarify the terms of the removal statutes. The phrases found in the old statutes, such as "in suits of a civil nature", "at law or in equity", and the terms "case" and "cause" were omitted and there were substituted in harmony with the Federal Rules of Civil Procedure, 28 U.S.C.A., the words "civil action". It is well for us to note that under the Rules of Civil Procedure, it is provided that a civil action is commenced by filing a complaint with the court (Rules 2 and 3 of Civil Procedure for the District Courts of the United States); and to further note that the provisions for bringing or commencing a civil action in the Arkansas courts are substantially the same, Sections 27–1101, 27–1102 and 27–1103, Ark.Stat.1947. In both the state and United States District Courts, an action is brought by the filing of a complaint.

The District Court rules and the Arkansas Statutes have been particularly noted in an effort to determine what was intended by Congress by the use in said Section 1441 of the phrase "any civil action brought in a State court of which the district courts of the United States have original jurisdiction * * *" (Emphasis supplied.)

In the case of Lee Foods Division, Consolidated Grocers Corp. v. Bucy, D.C., 105 F.Supp. 402, at page 404, Judge Duncan said:

> "It seems to me that at no place in this section is the intention of the Congress manifested to do more than clarify and modify, and does not give to a plaintiff the right of removal which did not exist under the old section.

> "Plaintiff insists that if it could not have brought its claim originally in the Federal court, it ought to have the right to try the new and separate cause of action raised by the counterclaim in the Federal court, but in the absence of any statutory right to do so, the court is without jurisdiction.

> "A Federal court has only such jurisdiction as is conferred upon it by the Acts of Congress. The very first words of § 1441 are: 'Except as otherwise expressly provided by Act of Congress' and then follows the limitation upon the right of removal to a defendant or defendants.

> "Prior to the adoption of the new Code, there were many conflicting opinions among the courts concerning the removal of causes of action where a 'separate' or 'separ-

able' controversy existed. It seems to me that this *section of the statute is clearly intended to refer to causes of action alleged by plaintiff.*" (Emphasis supplied.)

It should be observed that under the *express* terms of the statute the right of removal is given only to a defendant in a civil action brought in a State court of which the District Courts of the United States have original jurisdiction. There is, and can be, no contention that the civil action brought by Donald Trullinger was for a sufficient amount to give the District Courts of the United States jurisdiction.

In the case of United Artists Corporation v. Ancore Amusement Corporation, D.C., 91 F.Supp. 132, this principle was discussed as is indicated by Headnotes 3 and 4 of the opinion:

"3.   Removal of Cases ⚎16

"Only a defendant is authorized by statute to remove a case from state court and then only upon the basis of a pleading setting forth a federal claim against defendant and not a claim by him. 28 U.S.C.A., § 1446(b)

"4.   Courts ⚎255

"The jurisdiction of federal district courts is strictly limited by statute and the procedure by which jurisdiction is obtained must be strictly followed."

This principle was succinctly stated in the case of Stuart v. Creel, D.C., 90 F.Supp. 392. The following language is found at page 393 of 90 F.Supp. of the opinion:

"As to defendant's other contention, it is well settled that the removability of a case from a state to a federal court *should be determined by the claim of the plaintiff as shown by the record at the time of filing the petition for removal,* and that the amount sought in a counterclaim cannot be added to plaintiff's prayer in order to supply the necessary jurisdiction. Gates v. Union Central Life Ins. Co., D.C.E.D.N.Y.

1944, 56 F.Supp. 149; * * * United Artists Corp. v. Ancore Amusement Corp. [D.C.] S.W.N.Y. 1950, 91 F.Supp. 132. * * *

"The fact that defendant might not be able to litigate his counterclaim in the City Court does not justify this Court in retaining jurisdiction over an action improperly removed. Gates v. Union Central Life Ins. Co., supra; United Artists Corp. v. Ancore Amusement Corp., supra." (Emphasis supplied.)

This principle is further emphasized in the language of the court in the case of Gates v. Union Central Life Ins. Co., D.C., 56 F.Supp. 149, the language copied being from page 152 of the opinion:

"The 'matter in controversy' must be measured by the judgment demanded in the complaint. Shabotzky v. Massachusetts Mutual Life Ins. Co., D.C., 21 F.Supp. 166; Berlin v. Travelers Ins. Co. of Hartford, Conn., D.C., 18 F.Supp. 126. * *

"The claim by the defendant that this Court has jurisdiction by reason of the counterclaim alleged by it for cancellation and/or recession of the policy sued upon is not sustained, because as I have hereinbefore said, the complaint, which is the initial pleading, fixes the amount in controversy, and the counterclaim can not be considered. Harley v. Firemen's Fund Ins. Co., D.C., 245 F. 471; Kristiansen v. National Dredging Co., D.C., 4 F.Supp. 925; St. Paul Mercury Indemnity Co. v. [Red] Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845."

In a previous opinion, Harley v. Firemen's Fund Ins. Co., 245 F. 471, at page 476, it was said:

"The initial pleading, and the only pleading filed in the state court other than the petition for removal, fixes the amount in controversy in this case at $2,950, and no greater sum can be recovered. The Circuit Court of Appeals of the Fifth Circuit in W. G. Coyle & Co. v. Stern,

193 F. 582, 113 C.C.A. 450, in a well-considered case, holds that the amount in controversy must be determined from the initial pleading, and this holding is supported by the great weight of authority. The plaintiff may voluntarily and conclusively determine the amount to which his recovery shall be limited. Barber v. Boston & M. R. Co., C.C., 145 F. 52; Simmons v. Mutual, [Reserve Fund Life Ass'n], C.C., 114 F. 785; Western Union Tel. Co. v. White, C.C., 102 F. 705. That a counterclaim cannot be considered as increasing the amount in controversy, so as to bring it within federal jurisdiction, would seem to be the reasonable and logical conclusion, and is sustained by Yankaus v. Feltenstein & Rosenstein, 1917, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036; Falls Wire Mfg. Co. v. Broderick, C.C., 6 F. 654; Groel v. United Electric Co., C.C., 132 F. 252; McKown v. Kansas & Texas Coal Co., C.C., 105 F. 657.

"The provisions of section 37 of the Judicial Code are substantially a re-enactment of the act of 1887 (24 Stat. 552, c. 373), and District Judge Rogers in McKown v. Kansas & Texas Coal Co., C.C., 105 F. 657, in reviewing the decisions upon the right of removal where a counterclaim was filed in itself within the federal jurisdiction, at page 658 says:

" 'I have considered all these questions carefully, and I have examined every case cited by counsel, and I have reached the following conclusions: (1) That no suit can be removed, under the act of 1887, to the federal court, which could not have been originally instituted in that court.' "

For a further enlightening discussion of the question, see Sequoyah Feed & Supply Co., Inc., v. Robinson, D.C., 101 F.Supp. 680, at page 682:

"And, at page 108 of 313 U.S., at page 872 of 61 S.Ct. [Shamrock Oil & Gas Corp. v. Sheets] 'Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (Citing cases.)'

"Under the 'separable controversy' provision of Sec. 71, as it stood prior to the enactment of 1441(c) in 1948, a number of cases did hold that a 'new party, brought in by cross-bill or cross-complaint, against whom defendants seek affirmative relief, not involved in the original proceeding may remove'. Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216; Ellis v. Peak, D.C.N.D.Tex., 22 F.Supp. 908, 910; Henry v. Rice, D.C.E.D.Mo., 74 F.Supp. 222. This may have been the proper construction of the statute as it then read, 'when in any suit * * * there shall be a controversy which is wholly between citizens of different States * * *.' However, the present statute, intended to further restrict removal, is not so readily susceptible to a similar construction. It will be noted that it speaks of a separate and independent claim, removable if sued upon alone, *joined with* one or more otherwise non-removable claims."

And also Rice v. Sioux City Memorial Park Cemetery, D.C., 102 F.Supp. 658, at page 662:

"Cf., St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 287–288, 58 S.Ct. 586, 82 L.Ed. 845; Yocum v. Parker, 8 Cir., 1904, 130 F. 770, 771; Bank of Arapahoe v. David Bradley & Co., 8 Cir., 1896, 72 F. 867, 872; Annotation, 12 A. L.R.2d 5, 12–15, citing many cases. The United States District Courts are courts of limited jurisdiction; thus the presumption is against jurisdiction, and jurisdiction must affirmatively appear. See, e. g. Le Mieux Bros. v. Tremont Lumber Co., 5 Cir., 1944, 140 F.2d 387; Young v. Main, 8 Cir., 1934, 72 F.2d 640; Yocum v. Parker, supra. The removal jurisdiction of United States District Courts is statutory, and it has been held that in the removal statutes there is manifest a Congressional purpose to limit removal jurisdiction strictly; Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214. In John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, D.C.N.J.1950, 93 F.Supp. 296, after quoting from the Shamrock case, the Court states, 93 F.Supp. at page 302: 'There is no suggestion that the passage of the new legislation affecting removal proceedings, 28 U.S.C.A., § 1441, et seq., was intended to demolish the structure of that policy or to substantively extend the jurisdiction of the federal courts. It is likewise still the burden of the petitioner for removal to establish his right to remove which must be construed strictly and the petition should not be granted if there is doubt as to the right of removal in the first instance.'"

The conflict in the opinions of the Federal courts as to the right of the plaintiff to remove a cause from a State court when forced to defend a counterclaim was forever set at rest in the case of Sheets v. Shamrock Oil & Gas Corporation, 5 Cir., 115 F.2d 880, 881, affirmed by the United States Supreme Court, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, from which I quote:

"From 1875 to 1887, the right of removal on the ground of diversity of citizenship was given to plaintiffs as well as to defendants. At all other periods since the adoption of the Judiciary Act of 1789, 28 U.S. C.A., § 71 note, such right was limited to defendants, except under the act of 1867, which applied only to cases where there was the additional ground of prejudice and local influence. At the present time, only the defendant or defendants, being non-residents of the state in which the suit is brought, may remove the suit into the District Court of the United States. In no instance mentioned in said Section 28 is the right of removal expressly conferred upon a plaintiff or cross-defendant.

"The removing party here was the plaintiff in the action filed in the state court, and did not become entitled to remove because a set-off or counterclaim was asserted against it by cross-action. The right to remove is given only to a defendant who has not voluntarily submitted himself to the jurisdiction of the state court, 'not to an original plaintiff in a State court who, by resorting to that jurisdiction, has become liable under the State laws to a cross-action.' The decision to this effect, just cited, was under the Judiciary Act of 1789, but the applicable provision thereof was not materially different from the present statute, the right of removal then and now being given only to the defendant.

"In Waco Hardware Company v. Michigan Stove Co., 5 Cir., 91 F. 289, 290, wherein the plaintiff in the state court sued for less than the federal jurisdictional amount was met with a counterclaim for a sum greater than such jurisdictional amount, this court refused to read 'between the lines of the act' and

extend to the plaintiff in a state court a right which, it said, the law clearly intended to give only to the defendant or defendants therein. There are decisions to the contrary, but both reason and the weight of authority seem to us to be against allowing the plaintiff to remove because he becomes a cross-defendant in a controversy between citizens of different states having the requisite jurisdictional amount."

In a very well considered opinion, Haney v. Wilcheck, D.C., 38 F.Supp. 345, 351, the court, in support of its action in remanding the cause to the state court, said:

"In Falls Wire Mfg. Co. v. Broderick, C.C.Mo.1881, 6 F. 654, the plaintiff's suit in the state court was for less than the removable amount; a counterclaim for the necessary amount was filed by defendant who removed to the federal court. On motion to remand, the court held that the counterclaim was not to be considered in determining the amount necessary to federal jurisdiction. It is noted that Clarkson v. Manson, supra (then recently decided [C.C., 4 F. 257]), had held otherwise but pointed out that under the interpretation in that case any defendant could create federal jurisdiction and accomplish removal by the device of filing a counterclaim no matter how ill-grounded or lacking in merit.

"In Bennett v. Devine, C.C.Iowa 1891, 45 F. 705, the same situation existed, and of it the court (Shiras, J.) said: 'So far as the counterclaim is concerned, the party seeking the removal is the plaintiff therein, and the right of removal does not exist in favor of a plaintiff or party who has voluntarily invoked the jurisdiction of the state court.'

"In McKown v. Kansas & Texas Coal Co., C.C.Ark.1901, 105 F. 657, the counterclaim was interposed under a statute which (as in Virginia) made such interposition optional with defendant. The case was remanded on the ground that the suit as originally brought determined the right to remove and the optional feature of the statute was referred to, it also being suggested that the rule might be different in states where pleading the counterclaim was compulsory. This latter is the element distinguishing Lee v. [Continental] Insurance Co., supra [C.C., 74 F. 424].

"In Hansen v. Pacific Coast Asphalt, etc., Co., D.C.Cal., 243 F. 283, 284, the defendant contemporaneously with filing a cross-complaint in the state court filed its petition for removal. In remanding the case, the court, recognizing the status of the parties as respects the cross-complaint, said: 'Only the defendant has a right to remove a case from a state court to this court. Judicial Code, § 28 (28 U.S.C.A., § 71). The question presented upon this motion to remand is whether or not the case was removed here by a defendant. * * * The defendant becomes a plaintiff to all intents and purposes by filing a cross-complaint. When the action is removed, it carries the whole record. That would bring with it the action which the defendant instituted, and, if he is allowed to remove under such circumstances, it would be allowing the plaintiff to remove an action, instead of limiting the right of removal to a defendant. By filing this cross-complaint the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove.'

"In this case, the court refers to the fact that defendant could have removed the case without filing any pleading in the state court and the holding would seem to be based, not on the question of jurisdictional amount as affected by a counterclaim, but on the fact that defendant sought removal of a suit wherein,

in one phase at least, it was plaintiff and had itself invoked the jurisdiction of a local court. If this view is correct, the reasoning would apply even more strongly where the condition necessary to removal, i. e. the jurisdictional amount, was created solely by counterclaim.

\*    \*    \*    \*    \*    \*

"The question of removal has been frequently before the courts in a situation the converse of that offered here; that is, cases where a non-resident, having a claim less than was necessary to give federal jurisdiction, sued the defendant in the latter's local court and where the resident defendant interposed a counterclaim in an amount sufficient to give federal jurisdiction. There is a substantial line of decisions holding that in such case the original plaintiff became a defendant as to the counterclaim and, being a non-resident, was entitled to remove the case. Among the first of these cases is Carson & Rand Lumber Co. v. Holtzclaw, C.C.Mo., 39 F. 578, 579, where it is held that 'a non-resident plaintiff, suing in the state court, against whom a counter-claim is brought, is a "defendant" within the provisions of said act (Act of Mar. 3, 1887, 24 U.S.Stat. 553, 28 U.S.C.A. § 71), which limits the right of removal to the "defendant being \* \* \* a citizen of another state" than that in which the suit is brought'."

Some assistance may be had in determining the removability of a civil action brought in a State court by examining Section 1446, Title 28, United States Code, entitled "Procedure for removal". Subsection (a) of Section 1446 provides:

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which *entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."* (Emphasis supplied.)

The second paragraph of subsection (b) is as follows:

*"If the case stated by the initial pleading is not removable,* a petition for removal may be filed within twenty days *after receipt by the defendant,* through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis supplied.)

From a careful consideration of the foregoing portions of the Judiciary Act of 1948, as amended, and of the decisions of the federal courts construing the statutes rendered both prior and subsequent to the enactment of the Judicial Code of 1948, we may summarize the right of removal as expressly defined in the act as follows:

1. The right to remove is given "in a civil action brought in a state court of which the District Courts of the United States have jurisdiction".

2. The right is given only to a defendant or to defendants.

3. The right is given (a) where the initial pleading brought in a state court alleges a cause of action of which the federal courts have jurisdiction, and (b) where the action of the plaintiff by serving upon the defendants an additional pleading brings into the state court a cause of which federal courts have jurisdiction.

4. The right to remove must be determined by reference to the cause or causes brought into the state courts *by the plaintiff.*

Describing the situation as it is revealed from another point of view, by holding the 1948 Judiciary Act, as

amended, by its four corners, it is quite clear that with respect to removability of causes, it contains these three provisions:

1. Section 1441(a) provides "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants".

2. Subsection (a) of Section 1446 makes provision for putting the procedure for removal into operation by giving the defendant or defendants the right to file a petition in the District Court of the United States "with a copy of all process, pleadings and orders served upon him or them in such action."

3. Section 1446(b) (second paragraph) provides "a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In this connection it should be noted that the procedure for removal contained in Section 1446 is patterned strictly upon the basis of jurisdiction of the Federal courts having its origin through the action of the plaintiff in the case. The first paragraph of subsection (b) of Section 1446 provides that the petition for removal shall be filed within twenty days after receipt by the defendant of a copy of the initial pleading setting forth a claim for relief upon which the action is based. The basis of this right is the *preceding* action of the plaintiff. The second paragraph of subsection (b) of Section 1446 provides that a petition for removal may be filed within twenty days after the receipt by the defendant of an amended pleading setting forth a claim. The basis for the right to remove there given is likewise the *preceding* action of the plaintiff.

It is expressly provided that this procedure may be brought into action only by the initial pleading which, of course, must be filed by the plaintiff, or an amended pleading to be served upon the defendant.

There is no express provision in the act whereby a cross complaint, set off or counterclaim, compulsory or otherwise, filed by defendant may give rise to the right to remove an action pending in the state court to the United States District Courts.

■ Thus far I have dealt with the question of whether the right to remove this cause from the Circuit Court of Arkansas County, Arkansas, to this court can be found in the *express* provisions of the Judiciary Act of 1948, as amended, and I reach the conclusion that there is no such right so provided.

This, however, does not mean that I can sustain the motion to remand. For a number of years there has been expressed in the decisions of the federal courts a feeling that to deal justly a nonresident counterclaimant, when compelled by state statute to file a counterclaim in a pending action or be forever barred, should have the right to remove the suit to the federal court.

In the opinion last cited, Haney v. Wilcheck, Judge Paul noted that in the McKown v. Kansas & Texas Coal Co., supra, the counterclaim was interposed under a statute which made its interposition optional, but that is was suggested that the rule might have been different if pleading the counterclaim had been compulsory and that such a holding would have been in conformity with the holding in Lee v. Continental Insurance Co., supra.

The Lee case referred to in the Haney case, and the McKown case also referred to therein, were relied upon by Judge Miller in the case of Wheatley v. Martin, D.C., 62 F.Supp. 109, 115, to support his holding that a nonresident counterclaimant compelled to plead her counterclaim could remove a suit from the state court in which she had filed a counterclaim for sufficient amount to give the Federal

court jurisdiction, and Judge Miller in the Wheatley case said:

"Without doubt, the purpose of the removal statute is to give a non-resident defendant, who has, against his will, been brought in a State court, the right to remove to the supposed unprejudiced forum of the Federal court, but to deny that right to a plaintiff or any party of like status, who has voluntarily invoked or willingly submitted to the jurisdiction of the State court."

It is interesting to note that the opinion of Judge Miller in the case of Wheatley v. Martin, supra, has been followed in several cases since its rendition, and I have not found any opinion holding to the contrary. The opinion in the case of Wheatley v. Martin was rendered on August 31, 1945, and I find that in 76 C.J.S., Removal of Causes, § 193, on page 1058 copyrighted in 1952, this statement is made:

"However, where a state statute requires a defendant to assert all defenses and counterclaims or be barred from further litigating the issues therein, defendant asserting a counterclaim does not voluntarily submit to the state court, and does not become a plaintiff with respect to the counterclaim so as to be precluded from removing the cause to the federal court."

In each of the footnotes, No. 58 and No. 59, to support the text, only the case of Wheatley v. Martin is cited.

In Volume 1, 1954 Pocket Part, of Barron and Holtzoff on Federal Practice and Procedure, in Section No. 104, there is this statement:

"Generally the amount in controversy is determined from the allegations of the complaint at the time of the petition for removal, and cannot be supplied by defendant's counterclaim. However, if under the state law a counterclaim exceeding the jurisdictional amount is compulsory and will be lost if not asserted in the action, it may be used as the basis for removal."

In support of the text there are cited McLean Trucking Co. v. Carolina Scenic Stages, Inc., D.C., 95 F.Supp. 437; and Lange v. Chicago, R. I. & P. R. Co., D.C., 99 F.Supp. 1, 3.

Both of these cases held that where the defendant must assert his counterclaim in an original action or be forever barred, and such counterclaim is asserted and upon the basis thereof moved to the federal court, the suit cannot be remanded.

In the Lange case, Judge Riley, presiding over the Davenport Division of the Southern District of Iowa, United States District Court, in giving his reasons for refusing to remand a suit that had been removed from the District Court of Muscatine County, Iowa, said:

"But here, the situation is like that in Wheatley v. Martin, D.C., 62 F.Supp. 109, 114, where it was said: 'This court is required to recognize the State statute and leaves the court free to protect the right of a nonresident defendant to a removal of the suit to a Federal court.'

"In that case, as here, the filing of the counterclaim was compulsory and the right to removal was recognized. This court is persuaded by its reasoning rather than that of the other cases cited. The opinion in Wheatley v. Martin, supra, contains a comprehensive discussion of this entire question. It concludes with this statement: 'It is essential to the ends of justice and the protection of her rights as a nonresident that she be permitted as such nonresident defendant to remove the cause to this court.' "

See also opinion by Judge Lemley in Rosenblum v. Trullinger, D.C., 118 F.Supp. 394.

The high respect in which the opinions of my said colleagues are held by me would impel me to follow them regard-

less of the further reason, which I shall express, for declining to rule otherwise.

■ As I have heretofore pointed out, Judge Miller's opinion in the Wheatley v. Martin case was handed down in 1945. At that time the Judicial Code of 1911 was in effect and it was under the provisions of that Code that this litigation was had, including, of course, the removal from the state court to the United States District Court and the order overruling the motion to remand. Subsequent to this decision of the court, the Judicial Code was amended in 1948, and the removal statute completely rewritten. As I have pointed out, there is no express provision touching the point now under consideration, but there is this elementary rule of law that in my opinion applies and is controlling. Section 321 under the subject of "Statutes" in 50 Am.Jur. states:

> "As an aid in the construction of a statute, it is to be assumed or presumed that the legislature was acquainted with, and had in mind, the judicial construction of former statutes on the subject, and that the statute was enacted in the light of the judicial construction that the prior enactment had received, or in the light of such existing judicial decisions as have a direct bearing upon it. Such earlier decisions will accordingly be taken into consideration. Thus, in the interpretation of statutory law after an amendment thereof, the courts may take into consideration the construction by earlier decisions of the statute before its amendment."

In the case of Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563, the court applied the foregoing rule in its construction of the Act of March 3, 1875, which provided for the removal of causes from the state court to the United States Circuit Court. The court pointed out that it had previously construed the former Act of March 2, 1867, in the Case of Sewing Machine Companies, 18 Wall. 553, 21 L.Ed. 914.

The court had been urged to extend the provisions of the removal act to permit the removal of any cause in which it might be shown that local prejudice or influence existed, regardless of the diversity of citizenship, and in connection with this contention, the court said:

> "We declined to adopt that construction, and held that Congress did not intend by the act to confer the right of removal where a citizen of a State, other than that in which the suit is brought, is united, as plaintiff or defendant in the controversy, with one who is a citizen of the latter State. The construction for which counsel for the plaintiffs in error here contend cannot well be maintained without overruling the principles announced in that case.

> "It is to be presumed that Congress, in enacting the statute of 1875, had in view as well the previous enactments, regulating the removal of causes from the State courts, as the decisions of this court upon them."

■ To me the conclusion is inescapable that, though the express right of removal on the part of a counterclaimant may not have been found in prior statutes, or for that matter in the existing statute, it must be presumed that Congress knew the construction that had been placed upon the removal statute contained in the Judiciary Act of 1911. It is true that the present Judiciary Act is somewhat different in arrangement and verbiage, but the design and purpose of the present law appear to be identical with the design and purpose of the statute that it replaced.

■ Therefore, I think it must be presumed that the Congress intended to preserve the right of a counterclaimant to remove when he is compelled by state statute to assert his counterclaim or be forever barred. I must, therefore, hold that the motion to remand should be overruled.